**LAKE IN THE WOODS APARTMENT,**
Plaintiff-Respondent,

v.

**James E. CARSON, et al. and Ruthie Royster, et al.,**
**Defendants-Appellants.**

**Nos. 44402, 44404.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 22, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Doris Gregory Black, St. Louis, for defendants-appellants.

Gary Vincent, Clayton, for plaintiff-respondent.

STEWART, Presiding Judge.

Separate unlawful detainer actions were brought against Mr. and Mrs. James Carson and Alfredo Thomas and Ruthie Royster. The trial court upon plaintiff's motions, struck defendants' affirmative defenses and dismissed their counterclaims. Plaintiff then prevailed upon its motions for summary judgment in both cases. The court ordered restitution of the apartments and awarded damages based upon a stipulation of the parties. The two cases have been consolidated upon appeal.

Defendants primarily contend the trial court erred in striking their affirmative defenses and their counterclaims, alleging racial discrimination on the part of plaintiff; waiver by acceptance of rent; and in granting the motion for summary judgment while material issues of fact remained unsolved.

We affirm the judgments of the trial court.

On September 1, 1979, defendants Carsons and Thomas and Royster entered into separate one-year leases for apartments in the Lake of the Woods apartment complex in St. Louis County with plaintiff as lessor. Neither lease contained any provision for automatic renewal. On or about July 17, 1980, the defendants were informed that their leases would not be renewed past the August 31, 1980 expiration date and that they were expected to vacate by then. Defendants did not vacate and on September 11, 1980, plaintiff filed a petition in unlawful detainer, seeking restoration of the property and damages in the amount of one thousand dollars ($1,000). Defendants filed an answer on October 30, 1980 wherein they alleged affirmative defenses of racial discrimination and waiver by acceptance of rent. The answer also contained a counter-

claim alleging racial discrimination and seeking damages.

On April 20, 1981, plaintiff filed motions for summary judgments against all defendants in its action for unlawful detainer. It also filed motions to dismiss defendants' counterclaim and to strike their affirmative defenses. Four days later on April 24, the motions were heard with counsel for all parties present. The trial court dismissed defendants' counterclaims without prejudice and struck their affirmative defenses. Summary judgments for restitution were also granted leaving only the issue of damage.

At the pre-trial motion proceedings, plaintiff was allowed to amend its pleadings for damages, changing the amount from $1,000 to $6,000 and setting the monthly rental rate of $305. When the issue of damages was set for trial, the defendants waived trial by jury and stipulated to set plaintiff's damages at $1,000 and the monthly value of the rent and profits of the apartments at $280 each. The court thereafter ordered the defendants to return the possession of the property to plaintiff and each to pay double the damages, the sum $2,000, and double the rents, the sum of $560 per month from May 5, 1981 until the property is returned.

A supersedeas bond was posted by defendants Carsons. Defendants Thomas and Royster, however, did not post a supersedeas bond and left their Lake in the Woods apartment on or about July 15, 1981.

Defendants first contend that the trial court erred in striking their affirmative defenses and dismissing their counterclaim of race discrimination and waiver. Defendants argue these pleadings raised material issues of fact relevant to unlawful detainer actions which should have precluded the summary judgment.

The argument ignores the special summary nature of unlawful detainer proceedings. The unlawful detainer statute is an exclusive and special code to which the ordinary rules and proceedings of other civil actions do not apply. *McIlvain v. Kavorinos,* 358 Mo. 1153, 1157, 219 S.W.2d 349, 351 (banc 1949); *McNeill v. McNeill,* 456 S.W.2d 800, 807 (Mo.App.1970). The sole issue is the immediate right of possession. *F.A. Sander Real Estate & Inv. Co. v. Warner,* 205 S.W.2d 283, 288 (Mo.App.1947). Issues relating to title or matters of equity, such as mistake, estoppel and waiver, cannot be interposed as a defense. *Drzewiecki v. Stock-Daniel Hardware Co.,* 293 S.W. 441, 444 (Mo.App.1927). It is generally held that counterclaims are also prohibited in unlawful detainer proceedings, regardless of the subject matter, unless permitted by statute. *Wilson v. Teale,* 88 S.W.2d 422, 423 (Mo.App.1935). Missouri statutes do not so permit.

Defendants cite many cases based on housing discrimination statutes for the proposition that racial discrimination is unlawful. *E.g. Jones v. Mayer,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). Our decision does not weaken that strong policy. It merely affirms the summary purpose of unlawful detainer proceedings. Tenant-defendants still have the right to litigate their claim of racial discrimination using the appropriate statute in the proper forum. Defendants' counsel admitted during oral argument that they had done just that. Defendants thus were not without remedy.

Defendants next assert that Lake in the Woods waived its right to terminate the tenancy by continuing to accept rent after the lease term. As stated above, our case law indicates that equitable defenses such as waiver [1] cannot be raised in unlawful

---

1. Defendants' brief cites several cases in which a defense of waiver was allowed. *E.g., Lucas Hunt Village Co., v. Klein,* 358 Mo. 1054, 218 S.W.2d 595 (Mo. banc 1949). The cases involved actions for common law forfeiture where the lessors sued in unlawful detainer to secure statutory double damages. The issue in such cases is whether the lessor waived the

forfeiture by acceptance of rent after the forfeiture has been declared. In a lease termination case such as this the issue should have been whether the landlord has intentionally consented to an additional tenancy after expiration of the term. *Cusmano v. Outdoors Today, Inc.,* 608 S.W.2d 136, 139 (Mo.App.1980); *Millhouse v. Drainage Dist., No. 48 of Dunklin County,*

detainer actions; *Drzewiecki v. Stock-Daniel Hardware Co.*, 293 S.W. at 444.

Defendants also contend that the court erred in granting plaintiff leave to amend its prayer for damages from $1,000 to $6,000 and monthly rents and profits of $305.

■ The trial court has broad discretion to permit amendments to pleadings, and is encouraged to do so liberally. *Jordan v. Robert Half Personnel, Etc.*, 615 S.W.2d 574, 580 (Mo.App.1981). The unlawful detainer statute itself provides that "[a]ny judge may, in open court and at any time, in furtherance of justice and on such terms as may be proper, on motion of either party, allow any complaint, summons, writ or other proceeding to be amended and permit new parties as coplaintiffs or codefendants to be added and correct a mistake in the name of either party." § 534.170, RSMo 1978. The trial court's decision will not be disturbed where, as here, there is no showing that such discretion has been palpably and obviously abused. *Stewart v. Stewart*, 277 S.W.2d 322, 326 (Mo.App. 1955).

■ Defendants next claim that the trial court erroneously interpreted the measure of damages in unlawful detainer actions as the total amount due from the holding over, with no discount for payments actually made during that period. The record contains no evidence of the alleged interpretation other than defendants' assertion in their motion for new trial. Assertions in the motion for new trial which are not reflected in the record preserve nothing for our review. *City of Hannibal v. Winchester*, 360 S.W.2d 371, 374 (Mo.App.1962). Again the point fails.

Defendants, in the argument portion of their brief, allege other defects which, however, they do not raise in their points relied on. This court's responsibility does not include combing the argument portion of a brief on appeal to discover an appellant's contentions of error. *Berger v. Huser*, 498 S.W.2d 54, 59 (Mo.App.1957). Defendants

S.W.2d 536, 539 (Mo.1973); *Burks v. Beebe*, 578 S.W.2d 298, 299 (Mo.App.1979).

Judgments are affirmed.

STEPHAN and CRANDALL, JJ., concur.

did not raise this issue.