**Norman LEVE and Mark Turken, a partnership d/b/a Sunnydale Properties, Plaintiffs-Respondents,**

v.

**Walter DELPH and Vivian Delph, Defendants-Appellants.**

**No. 50133.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 8, 1986.

Motion for Rehearing and/or Transfer
Denied May 13, 1986.

Application to Transfer Denied
June 17, 1986.

See also 684 S.W.2d 952.

Michael Leonard Lyons, Private Atty., St. Louis, for defendants-appellants.

N. Scott Rosenblum, Private Atty., Clayton, for plaintiffs-respondents.

DOWD, Presiding Judge.

This is an unlawful detainer action, § 534.030 RSMo 1978, brought by Norman Leve and Mark Turken (hereinafter plaintiffs), a partnership doing business at Sunnydale Properties, against Mr. and Mrs. Walter Delph (hereinafter defendants).

The trial court denied defendants' motion for summary judgment, sustained plaintiffs' motion for summary judgment, ordered restitution of the mobile home space, and granted attorney's fees and court costs in favor of plaintiffs.

Defendants on appeal contend: (1) the court erred in denying defendants' motion for summary judgment because plaintiffs failed to properly terminate defendants' lease, and therefore, there was no genuine issue of material fact; and (2) the court erred in granting plaintiffs' motion for summary judgment because a material issue of fact remained unresolved, that is, whether defendants were being evicted because of their leadership in the Mobile Homeowner's Tenant Association. We affirm.

Plaintiffs bring this unlawful detainer action pursuant to § 534.030 RSMo 1978, as owners of Sunnydale Mobile Home Park, to remove defendants from said premises. Defendants have rented space in the mobile home park for a mobile home for the past seventeen years. On March 1, 1983, defendants and plaintiffs entered into a written lease agreement creating a month to month tenancy. The lease agreement provided that the plaintiffs were required to give a thirty-day written notice to terminate the lease.

In approximately August 1983, defendants founded the Heritage Mobile Homeowner's League and defendant, Vivian Delph, has served as president since its inception.

On August 30, 1983, defendants received two letters from plaintiffs to terminate defendants' tenancy. One letter was mailed first class and the second letter was mailed first class, return receipt requested. Both letters demanded possession of the mobile home space by October 1, 1982. Both letters were conspicuously dated August 29, 1983 across the top of the letters and were received by defendants on August 30, 1983.

On August 31, 1983, plaintiffs posted a third letter on the door of defendants' mobile home to terminate their tenancy. In this notice, plaintiffs corrected the eviction date from October 1, 1982, to October 1, 1983. Plaintiffs brought an unlawful detainer action after defendants remained in possession of the mobile home space after October 1, 1983. Defendants filed an answer on November 14, 1983, wherein they alleged that the notice to terminate the tenancy was not properly served and raised the affirmative defense of retaliatory eviction.

On appeal, defendants contend that the trial court erred in denying defendants' motion for summary judgment because plaintiffs failed to properly give plaintiffs notice of demand prior to the filing of the unlawful detainer action. Defendants argue that § 534.050 RSMo 1978, requires plaintiffs to serve notice by delivering a

copy of a demand for possession to the person in possession, or by leaving such copy with some person above the age of fifteen years, residing on or being in charge of the premises prior to the filing of the unlawful detainer action. We disagree.

In issue is whether the plaintiffs properly terminated defendants' lease prior to the filing of the unlawful detainer action. Defendants claim that the incorrect termination date appearing on the first two of the three notices attempting to terminate defendants' tenancy rendered the notices fatally defective. In addition, defendants contend that service of the notice by posting was improper, and plaintiffs did not have the right to possession of the mobile home space.

Plaintiffs mailed two copies of the termination notice. One copy was mailed first class mail, the other certified mail, return receipt requested. The notices informed the defendants that they were to remove themselves from the premises by October 1, 1982. Although the date was typed incorrectly, both notices were clearly and conspicuously marked August 29, 1983 at the top of the notice. On August 31, 1983, plaintiffs posted a third notice containing the correction of the mistyped date on the door of defendants' mobile home. Defendants admitted they received three notices to terminate their lease. We are confident that defendants were put on notice as to the correct date when they had to vacate plaintiffs' premises. Any defect in the notices was corrected by plaintiffs and did not render the notices fatally defective.

█ The issue of the notice of demand here was decided by this court in *Southside National Bank, etc., v. Schneider*, 603 S.W.2d 25 (Mo.App.1980), in an opinion authorized by Judge James Reinhard which provides an excellent analysis of the notice requirement in an unlawful detainer action. In *Southside National Bank, etc., supra*, a lease was terminated by registered mail and the tenant then became a holdover tenant. The court held that a tenant who remains in possession after the termination of the time for which premises were de-

mised or let to him becomes a holdover tenant and is subject to a suit for unlawful detainer without any demand in writing for delivery of possession. *Southside National Bank, etc., supra*, 26–27. *See also Young v. Smith*, 28 Mo. 65, 68 (1859).

Defendants here were month-to-month tenants under a lease when the plaintiffs, as landlords, terminated plaintiffs' tenancy effective October 1, 1983. The defendants remained in possession of the premises after October 1, 1983, at which time they became holdover tenants, and thus no demand for possession was required prior to the institution of the unlawful detainer action. *Southside National Bank, etc., supra*. Defendants' first point is denied.

Defendants' second point is that the court erred in sustaining plaintiffs' motion for summary judgment because their pleading raised a material issue of fact—the affirmative defense of retaliatory eviction.

This Court has recently held that the unlawful detainer statute is an exclusive and special code to which the ordinary rules and proceedings of other civil actions do not apply. *Lake of the Woods Apartments v. Carson*, 651 S.W.2d 556, 558 (Mo. App.1983); *McIlvain v. Kavorinos*, 358 Mo. 1153, 1157, 219 S.W.2d 349, 351, (banc 1949). The sole issue in an unlawful detainer action is the immediate right of possession. *Carson, supra*, at 558; *F.A. Sander Real Estate and Investment Company v. Warner*, 205 S.W.2d 283, 288 (Mo. App.1947). Issues relating to title or matters of equity, such as mistake, estoppel and waiver cannot be interposed as a defense. *Carson, supra*, at 558; *Drzewiecki v. Stock-Daniel Hardware Co.*, 293 S.W. 441, 444 (Mo.App.1927). It is generally held that counterclaims are also prohibited in unlawful detainer proceedings, regardless of the subject matter, unless permitted by statute. *Carson, supra*, at 558; *Wilson v. Teale*, 88 S.W.2d 422, 423 (Mo.App. 1935). Missouri statutes do not so permit. *Carson, supra*, at 558. Defendants' argument ignores the special summary nature of unlawful detainer proceedings. *Carson, supra*, at 558. Action for unlawful detain-

er is a possessory action only, and mere equitable rights or interests which defendants think themselves entitled to cannot be set up therein. *Porter v. Gibbs*, 242 S.W. 1016, 1017 (Mo.App.1915). To permit defendants to assert an equitable defense would defeat the purpose behind an unlawful detainer action.

 The law in Missouri is clear that an equitable affirmative defense cannot be raised in an unlawful detainer action. *Carson, supra*, at 558. Defendants are therefore precluded from raising the equitable defense of retaliatory eviction in an unlawful detainer action.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.