V.F.W. POST NO. 7222, Plaintiff–Appellant,

v.

SUMMERSVILLE SADDLE CLUB, Stan Norin, Homer Smith, and Gerald Spielman, Trustees, Defendants–Respondents.

No. 16127.

Missouri Court of Appeals, Southern District, Division One.

May 7, 1990.

ald Spielman, Trustees. The action was brought in the Associate Circuit Judge Division of the Circuit Court of Shannon County (hereafter referred to as "Associate Circuit Judge Division"). V.F.W.'s petition alleged that it is "a Missouri not for profit Corporation"[1] and that defendant (Saddle Club) is "a voluntary association." Saddle Club filed its Answer to Petition in Unlawful Detainer and its Counterclaim for Declaratory Judgment. Both the answer and counterclaim are part of a single pleading. Five days later, the parties, by their respective attorneys, filed a "Consent to Hearing and Determination" which states that plaintiff (V.F.W.) and defendant (Saddle Club) "consent and agree to have Defendant's declaratory judgment counterclaim heard and determined by the Associate Circuit Judge of Shannon County pursuant to RSMo. 478.225.4." V.F.W. filed its "Answer to Counterclaim for Declaratory Judgment." The issues presented by the pleadings involve a dispute over the mutual use of a single tract of land (including improvements) by both parties. V.F.W. sought a judgment restoring it to sole possession of the real estate. Saddle Club claimed a right to use the property based upon a written document, the construction of which was the basis for the Counterclaim for Declaratory Judgment.

The case was tried before the Associate Circuit Judge of Shannon County. After receiving evidence, the trial judge took the case under advisement to permit the parties to submit briefs. Judgment was then entered decreeing "that plaintiff's petition is hereby dismissed with prejudice and that on defendant's counterclaim the lease and contract is hereby declared to be a license which is irrevocable so long as defendant complies with the provisions thereof." The legal file shows the judgment as having been "issued" June 14, 1988. The judgment, however, bears the date of June 16,

---

John E. Price and Don M. Henry, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for plaintiff–appellant.

David G. Neal, Eminence, for defendants-responsdents.

PARRISH, Judge.

V.F.W. Post No. 7222 (hereafter referred to as "V.F.W.") brought an action for unlawful detainer against Summersville Saddle Club (hereafter referred to as "Saddle Club"), Stan Norin, Homer Smith, and Ger-

1. A signed, acknowledged copy of Articles of Incorporation was admitted into evidence as "Plaintiff's Exhibit 1." Plaintiff's Exhibit 1 does not have any indicia of having been filed with the Secretary of State (or being a duplicate original or copy of Articles so filed) although

Plaintiff's Exhibit 1 is prepared on a form from the Office of Secretary of State. The notary's acknowledgment is dated December 10, 1985. No certificate of incorporation was placed in evidence. *See* § 355.050, RSMo Cum.Supp.1984 and § 355.055, RSMo 1978.

1988. After entry of judgment, the following occurred:

July 1, 1988 Motion to Vacate the Judgment, Reopen the Record, Take Additional Testimony, Make New Findings and Amend or Modify the Judgment filed.

July 15, 1988 Court amends judgment previously entered to include description of real estate.

August 1, 1988 Motion for New Trial filed.

On January 13, 1989, V.F.W. filed its Motion for Out of Time Appeal with this court in accordance with Rule 81.07. On January 25, 1989, that motion was granted and V.F.W. was given leave to file a late notice of appeal. In accordance with the leave granted, V.F.W. filed its notice of appeal with the Circuit Court of Shannon County January 30, 1989. Thereafter, three motions were filed by the respective parties which are submitted with the case. The following motions were filed on the dates indicated:

February 27, 1989 Motion to Dismiss filed by Saddle Club.

February 1, 1990 Motion to Reject Appellant's Legal Filed March 21, 1989, and Accept Respondent's Substitute Legal File as Official Legal File in this Court filed by Saddle Club.

March 8, 1990 Appellant's Response to Respondent's Motion to Reject Appellant's Legal File Filed March 21, 1989, and Accept Respondent's Substitute Legal File as Official Legal Filed in this Court and Appellant's Motion to Strike Portions of Respondent's Substitute Legal File filed by V.F.W.

The Motion to Dismiss filed by Saddle Club asserts that the judgment entered on the counterclaim does not dispose of all issues and, therefore, the trial court's judgment is not a final, appealable judgment. For the reasons hereafter stated, that Motion to Dismiss, as well as the other motions taken

with the case as shown above, are moot and overruled.

One of the points raised by Saddle Club is that because V.F.W.'s action for unlawful detainer was tried by an associate circuit judge, the only "appeal" which will lie is an application for trial de novo to the circuit court. For that reason, Saddle Club asserts that this appeal must be dismissed. That point is well taken for reasons hereafter given. However, due to the background of this case, it is appropriate, first, to briefly review what occurred with respect to Saddle Club's counterclaim for declaratory judgment.

■■■ Saddle Club sought a declaration of the respective rights of the parties to use certain real estate based upon a one-page writing dated June 18, 1958, denominated as "Lease and Contract." The declaratory judgment action was "filed" as a counterclaim in V.F.W.'s case which originated as an action for unlawful detainer. Counterclaims are prohibited in unlawful detainer actions. *Lake in the Woods Apt. v. Carson*, 651 S.W.2d 556, 558 (Mo.App. 1983); *Wilson v. Teale*, 88 S.W.2d 422, 423 (Mo.App.1935). The unlawful detainer statutes provide for summary relief and are an exclusive and special code. *McIlvain v. Kavorinos*, 358 Mo. 1153, 1157, 219 S.W.2d 349, 351 (banc 1949); *Lake in the Woods Apt. v. Carson, supra; McNeill v. McNeill*, 456 S.W.2d 800, 807 (Mo.App. 1970). Furthermore, the Court Rules of the 37th Judicial Circuit (which includes Shannon County), rule 4.2, do not permit actions for declaratory judgment to be filed in the Associate Circuit Judge Division of that court. Rather, those actions are required to be filed with the circuit clerk. This was not done. There was no properly filed declaratory judgment action.[2] The lack of jurisdiction by the Associate Circuit Judge Division appears from the record in this case. *Caruthersville School Dist. No. 18 v. Latshaw*, 360 Mo. 1211, 1219, 233 S.W.2d 6, 9 (1950); *Crockett Oil Co. v. Effie*, 374 S.W.2d 154, 156 (Mo.App.1964).

---

2. The fact that a written consent for hearing and determination by an Associate Circuit Judge, as permitted by § 478.225.4, RSMo 1986, was given is meaningless since the declaratory judgment action was never properly filed. There was no valid declaratory judgment action in which to file a written consent.

The part of the trial court's judgment which attempts to dispose of the counterclaim for declaratory judgment is arguably void *ab initio* for lack of jurisdiction.

■ As previously noted, Saddle Club claims that the only appeal available from the unlawful detainer action was by application for trial de novo. That claim is well founded. Unlawful detainer actions arise under Chapter 534[3] and are regularly heard and determined by the associate circuit judge of the county in which the action arises.[4] § 478.225.2(6); *Crossroads West Shopping Center, Ltd. v. American Oil Co.*, 658 S.W.2d 445 (Mo.App.1983). The practice and procedure prescribed by Chapter 517 applies. § 534.060. Statutes and supreme court rules which apply to practice and procedure before a circuit judge with respect to after-trial motions and appeals do not apply to the cases or classes of cases to which Chapter 517 is applicable. §§ 517.020.2(2) and 517.020.2(5).

The procedure that was available to the aggrieved party was to have filed application for trial de novo within 10 days after judgment was rendered by the associate circuit judge. § 512.190. That was not done. Since this court had no jurisdiction to entertain this appeal, it was without jurisdiction to give leave to file a late notice of appeal pursuant to Rule 81.07. *C.G.S. Realty Co. v. Jacobs*, 699 S.W.2d 122, 123 (Mo.App.1985); §§ 517.011.1 and 478.225.-2(6). The appeal is dismissed.

CROW, P.J., and PREWITT, J., concur.

---

**3.** All references to statutes are to RSMo 1986 unless otherwise stated.

**4.** This case was not specially assigned to the associate circuit judge by the presiding judge of the 37th Judicial Circuit nor by local court rules of the 37th Judicial Circuit. Thus, the rules and procedures regularly applicable before circuit judges did not apply. §§ 478.240.2, 478.225.3 and 478.225.5.