**AMERICAN VISION CENTER OF ST. LOUIS CENTRE, INC., Appellant,**

v.

**CARR OPTICAL, INC., Respondent.**

No. 59679.

Missouri Court of Appeals, Eastern District, Division Two.

June 4, 1991.

William J. Travis, St. Louis, for appellant.

Thomas C. DeVoto, Robert Leo DeVoto, St. Louis, for respondent.

CRIST, Judge.

Appellant, American Vision Center of St. Louis Centre, appeals the trial court's grant of summary judgment for respondent in this unlawful detainer action. We reverse and remand.

American Vision Center, Inc. (franchisor), a New York Corporation, was in the business of operating and selling franchises to operate retail stores specializing in the sale of eyeglasses and contact lenses. While franchisor is not a party to this action, it is key to the resolution of the seminal issue. Appellant is a wholly-owned subsidiary of franchisor. It was formed for the purpose of holding a lease on the real estate rented to franchisee in St. Louis Centre.

On September 4, 1985, St. Louis Centre, Ltd., leased the space in question to subsidiary corporation for a term of ten years. Franchisor operated a store on those premises until August 24, 1987. On that date, franchisor granted a franchise to franchisee to operate a store on the leased premises for a percentage of the gross profits plus an advertising fee. On the same day, subsidiary corporation subleased the store premises to franchisee for the term and rental specified in the master lease. The sublease provided subsidiary corporation could terminate the sublease either upon the termination of the fran-

chise agreement or upon franchisee's failure to comply with any of the terms and conditions of the franchise agreement.

On October 24, 1989, franchisor filed suit against franchisee in U.S. District Court, Southern District of New York, asking for termination of the franchise agreement for failure to pay the franchise fees. Franchisee filed an answer and counterclaim for $235,000. Franchisee admitted nonpayment of the franchise fees, but asserted affirmative defenses of failure of consideration, fraud, unconscionability, and statutory rescission. Judgment has not yet been rendered in this suit.

Subsidiary corporation filed this unlawful detainer suit in September, 1990. While franchisee was in default on the franchise fees, franchisee had paid all rents as required under the lease. On October 24, 1990, subsidiary corporation filed a motion for summary judgment on its right to possession of the premises. On November 15, 1990, franchisee filed a motion to dismiss, or for summary judgment, or alternatively for a stay pending the New York litigation. The trial court entered summary judgment in favor of franchisee, but in the alternative entered a stay until the New York litigation is terminated.

Subsidiary corporation asserts two points on appeal. It first contends the trial court erred in granting summary judgment for franchisee. Subsidiary corporation is correct. Both parties agree summary judgment was improper, because questions of fact and law remain to be determined. Section 534.030, RSMo 1986, states: "when any person *wrongfully* ... shall obtain and continue in possession of any lands ... [and] shall refuse or neglect to quit such possession, such person shall be deemed guilty of an 'unlawful detainer'." (emphasis added) The issue in this case is whether franchisee wrongfully continued in possession of the premises. There is no issue for determination between franchisee and subsidiary corporation, as the rent has been paid in full. However, subsidiary corporation has no right to possession until they can prove franchisee has breached the franchise agreement. While franchisee

has not paid the franchise fees, there is some question as to whether the fees are actually owed, due to franchisor's improper conduct. Subsidiary corporation made the franchise agreement a part of the sublease, and it must meet its burden of proof before it can obtain possession.

 Subsidiary corporation next complains the trial court erred in alternatively staying the unlawful detainer action until resolution of the New York litigation. Subsidiary corporation is again correct. Unlawful detainer is a summary proceeding. *Lake in the Woods Apartments v. Carson*, 651 S.W.2d 556, 558 (Mo.App. 1983). The trial court had no discretion under §§ 534.140 and 534.200, RSMo 1986, to stay the action.

Judgment reversed and remanded.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.