**BROKEN HEART VENTURE, L.P., Plaintiff/Respondent,**

v.

**A & F RESTAURANT CORPORATION, Defendant/Appellant.**

**No. 63183.**

Missouri Court of Appeals, Eastern District, Division One.

Aug. 24, 1993.

Gino F. Battisti, Suelthaus & Kaplan, St. Louis, for defendant, appellant.

Peter T. Sadowski, Kenneth C. Jones, St. Louis, for plaintiff, respondent.

AHRENS, Presiding Judge.

Tenant appeals the trial court's grant of summary judgment in favor of landlord in this unlawful detainer action. We affirm.

On May 8, 1991, landlord, Broken Heart Venture, L.P. (Broken Heart), and tenant, A & F Restaurant Corporation (A & F), entered into a written ten-year lease of business premises in West Park Center on Olive Boulevard, in St. Louis County, Missouri. Pursuant to the lease, A & F opened a restaurant known as "Stazione" in the leased premises on October 1, 1991. A & F agreed to pay to Broken Heart minimum monthly rent of $10,000 plus taxes, insurance and common area maintenance charges during the first two years of the lease, payable monthly beginning December 1, 1991.

Pursuant to the lease, Broken Heart agreed to construct at its expense an outdoor patio adjoining the premises, at a cost to Broken Heart not to exceed $60,000. Plans and specifications were to be prepared at the cost of A & F. After completion of the patio, minimum rent was to be increased to amortize the cost of the patio over the balance of the base term of the lease. Despite the terms of the lease, A & F constructed the patio, and requested payment of $53,164.31 from Broken Heart. Broken Heart paid A & F $25,000 in cash, and credited $11,349.60 on December, 1991, rent and $5,611.87 on January, 1992, rent for the cost of the patio. Broken Heart disputed $11,204.84 of the patio expenses, which involved architectural expenses and the cost for awning replacement. A & F claimed a balance due of $28,164.31 from Broken Heart on patio construction costs. A & F also expended in excess of $500,-

000.00 for improvements to the rental property.

It is undisputed that A & F made no payments under the lease. On March 24, 1992, Broken Heart filed an action for rent and possession in the Circuit Court of St. Louis County, Associate Division. Later that day, A & F filed an action in the Circuit Court of St. Louis County for: (1) rescission of the lease based on fraudulent inducement; (2) reformation of the lease; and (3) declaratory judgment. A & F also filed a counterclaim in the rent and possession case, asserting the same claims. On motion by A & F, and over the objection of Broken Heart, Broken Heart's rent and possession action was certified to the Circuit Court and consolidated with A & F's action.[1]

On June 1, 1992, Broken Heart notified A & F that $66,253.62 was due and owing for rent and other charges under the lease. The notice demanded that A & F make payment of the amount due by June 11, 1992, or the lease would be deemed terminated as of June 1, 1992, pursuant to its terms, and A & F would be required to vacate the premises by June 12, 1992.

A & F failed to make any payment by June 11, and Broken Heart filed an unlawful detainer action in the Circuit Court of St. Louis County on June 23, 1992, which is the subject of this appeal. In the unlawful detainer action, Broken Heart sought possession of the premises and statutory double damages for the period from June 1, 1992, until restitution of the premises. A & F raised several affirmative defenses, and filed a counter-claim against Broken Heart. On September 13, 1992, the trial court granted Broken Heart's motion to strike A & F's affirmative defenses and counterclaim, and granted summary judgment in favor of Broken Heart. The court awarded Broken Heart $114,155.82 as damages for rent and other charges, $1,500 for costs and attorneys' fees, and ordered A & F to vacate the premises by October 20, 1992. A & F filed a motion to modify the judgment, a separate motion to vacate the judgment, and thereafter vacated the premises on October 2, 1992. On October 23, 1992, the trial court granted A & F's motion to modify and vacated the judgment, and issued a new judgment awarding Broken Heart $92,637.62 as damages and costs for the period from June 1, 1992, through October 2, 1992.[2] A & F appeals this judgment.

A & F raises two points on appeal. First, A & F asserts the trial court erroneously granted Broken Heart's motion for summary judgment because material facts were in dispute as to whether: (1) rent and other charges were due; and (2) A & F, which alleged it was fraudulently induced into signing the lease, was in lawful possession of the premises. A & F's second point claims the trial court erred in striking A & F's affirmative defenses and counterclaim, which pled that A & F was in lawful possession of the premises.

In this appeal from a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 375–76 (Mo. banc 1993). Facts which are set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* Since the propriety of summary judgment is purely an issue of law, we need not defer to the trial court's order granting summary judgment. *Id.* 854 S.W.2d at 376.

Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genu-

---

1. Broken Heart asserts in its brief that after the filing of its unlawful detainer action, Broken Heart converted its rent and possession case to a suit for breach of contract, claiming damages through May 31, 1992. The amended pleading is not included in the record on appeal.

2. In arriving at this figure, the court doubled the base rent and late rental payment fees pursuant to the unlawful detainer statute. The lease also provided in paragraph 12.11 that a tenant who remains in possession after expiration of the term without consent of the landlord is liable for double rent.

ine dispute, a right to judgment as a matter of law. *Id.* Rule 74.04. When the movant makes a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response ... shall set forth specific facts showing that there is a genuine issue for trial." Rule 74.04(e).

We find that no factual dispute remains as to whether A & F owed Broken Heart rent and other charges. A & F was in possession of the leased premises from October 1, 1991, until October 2, 1992. Rent of $10,000.00 per month, plus taxes, insurance and common area maintenance charges, became due beginning December 1, 1991. As indicated, A & F made no payments to Broken Heart under the lease. A & F claimed there was a balance of $28,164.31 due from Broken Heart for patio construction costs. Any credit, however, for the patio expenses would have satisfied only the December, 1991, January, 1992, and a portion of the February, 1992, rent. Viewed in the light most favorable to A & F, after allowing full credit for all patio constructions costs claimed by A & F, rent and other charges from February, 1992, through June 1, 1992, were still due at the time of termination of the lease.

■■■ A & F contends that its expenditure of $500,000 for improvements to the rental property "more than offset the rent due under the lease." Specifically, A & F alleges it would never have expended those monies had A & F known that Broken Heart's representative fraudulently induced A & F into signing the lease by misrepresenting the gross revenues of the prior restaurant tenant. As a result, A & F claims, it owes no rent after "off-setting" the "tenant improvements". A & F's claim, however, is legally insufficient to defeat summary judgment in an unlawful detainer action for several reasons. First, the lease agreement contains contractual provisions which preclude A & F's claim of setoff: (1) paragraphs 3.1 and 3.10 of the lease state that no setoff or deduction is permitted against rent and other charges;

(2) Broken Heart had no obligation to make any leasehold improvements pursuant to paragraph 1.1; (3) paragraph 5.1 provides that A & F accomplish its initial construction work at A & F's expense; and (4) under the lease, A & F was responsible, at A & F's cost, for all work necessary to improve the premises for its operations. Second, issues relating to title or matters of equity, such as a claim of set-off against rent for "mistaken" rent payments, cannot be interposed as a defense in unlawful detainer actions. *S.L. Motel Enter. v. East Ocean, Inc.*, 751 S.W.2d 114, 117 (Mo.App. 1988). Similarly, affirmative defenses and a counterclaim for repairs and improvements on leased premises have been disallowed in an unlawful detainer proceeding. *McNeill v. McNeill*, 456 S.W.2d 800, 807 (Mo.App.1970). A & F is not entitled to a set-off for any rent owed in this action.

■■ A & F also claims a factual dispute existed concerning whether Broken Heart failed to erect an illuminated sign in a timely manner, as required by the lease agreement. Paragraph 4.4 of the lease, however, provides only that A & F shall be "permitted signage space" on the main entry sign and a temporary sign on the leasing sign. The terms of the lease agreement, therefore, do not support A & F's claim. The lease permits signage space, but does not obligate Broken Heart to erect a sign. Point one is denied.

In its second point, A & F claims the trial court erred in striking A & F's affirmative defenses and counterclaim. A & F contends these pleadings asserted A & F was in lawful possession of the premises, which is the "core issue" of an unlawful detainer action. A & F's affirmative defenses and counterclaims raised the issues of fraudulent inducement, indebtedness for patio construction, failure to make proper and timely demand for rent, failure to state a claim, and unclean hands. In Count I of its counterclaim, A & F alleged it was fraudulently induced into signing the lease, and sought cancellation and rescission of the lease. In Count II, A & F sought reformation of the lease to reflect the intent of the parties, and amendment of the lease to

provide a fair market rental in light of the misrepresentations. Count III of A & F's counterclaim sought damages for breach of the lease obligations for patio construction and failure to erect a sign. In its brief, A & F characterizes its counterclaim (and its separate action) as asking for "reaffirmation" of the lease agreement. The prayers, however, seek rescission and reformation, not reaffirmation.

■ It is generally held that counterclaims are prohibited in unlawful detainer actions, regardless of the subject matter, unless permitted by statute. *V.F.W. Post No. 7222 v. Summersville Saddle Club*, 788 S.W.2d 796, 798 (Mo.App.1990); *Lake in the Woods Apartment v. Carson*, 651 S.W.2d 556, 558 (Mo.App.1983). Missouri statutes do not permit the filing of counterclaims in unlawful detainer actions. *Lake in the Woods*, 651 S.W.2d at 558. The unlawful detainer statutes provide for summary relief and are an exclusive and special code. *V.F.W.*, 788 S.W.2d at 798. The sole issue is the immediate right of possession. *Lake in the Woods*, 651 S.W.2d at 558. Issues relating to title or matters of equity, such as mistake, estoppel and waiver, cannot be interposed as a defense. *Id.*

■ A & F concedes that affirmative defenses and counterclaims are generally not allowed in unlawful detainer actions. A & F further acknowledges that at this stage, the issue of possession is moot, since A & F has vacated the premises and does not desire to reoccupy them. Still, A & F urges an exception to the general rule should be made in this case, and its affirmative defenses and counterclaims should be heard on the issue of damages, because a number of the affirmative defenses involve the question of whether A & F's expenditures on improvements made to the premises have "paid for" the rental obligations under the lease. Broken Heart responds that there is no basis for an exception here, since equitable claims of offset cannot be interposed as an affirmative defense or counterclaim. Further, Broken Heart points out that A & F has a remedy available to pursue its claims against Broken Heart through A & F's pending causes of action against Broken Heart for fraudulent misrepresentation, reformation and declaratory judgment.

A & F's argument ignores the rationale underlying the decisions prohibiting affirmative defenses and counterclaims in unlawful detainer actions, that the sole issue in such actions is the right of possession. *Lake in the Woods*, 651 S.W.2d at 558; *McNeill*, 456 S.W.2d at 807. If affirmative defenses and counterclaims were allowed in unlawful detainer actions, the effectiveness of the summary relief provided for by statute would be undermined.

The damages determined and awarded to A & F in this unlawful detainer action included statutory damages for the limited period from the date of termination of the lease, June 1, 1992, to the date of restitution of the premises, October 2, 1992. The unlawful detainer judgment did not adjudicate other claims of damage by either party arising out of the lease agreement. The consolidated case of Broken Heart's claims for rent and breach of contract and A & F's claims of damages for fraudulent inducement and failure to pay patio construction costs is still pending. The unlawful detainer judgment does not preclude the parties from pursuing those claims. We decline A & F's invitation to graft an exception on the general rule which prohibits affirmative defenses and counterclaims in unlawful detainer actions. Point two is denied.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.