**STATE of Missouri ex rel. DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Soundview Home Loan Trust 2006–WF2, Relator,**

v.

**The Honorable David P. CHAMBERLAIN, Judge of the Circuit Court of Clay County, Respondent.**

**No. WD 74826.**

Missouri Court of Appeals, Western District.

April 10, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 2012.

Application for Transfer Denied Aug. 14, 2012.

---

Jennifer A. Donnelli, Kansas City, MO, for relator.

Gregory A. Leyh, Gladstone, MO, for respondent.

Before Writ Division: JAMES M. SMART, JR., Presiding Judge, MARK D. PFEIFFER, Judge and CYNTHIA L. MARTIN Judge.

CYNTHIA L. MARTIN, Judge.

Deutsche Bank National Trust Company ("Deutsche Bank" and/or "Relator") seeks a permanent writ of prohibition to prevent enforcement of an order compelling discovery in an unlawful detainer action on the subject of its standing. We issued a preliminary writ of prohibition. Our preliminary writ of prohibition is made absolute.

## Statement of Facts and Procedural History

On March 28, 2011, Deutsche Bank filed a verified petition in unlawful detainer ("Petition") against Robert L. Lisenbee, Jr. and Sara D. Lisenbee (hereinafter, collectively, "Lisenbees") in the Circuit Court of Clay County, Missouri, Associate Circuit Court Division. The Petition alleges that a trustee's sale was conducted on February 28, 2011, on property located at 212 Northeast 88th Terrace in Kansas City, Missouri ("Property"), and that Deutsche Bank was and still is "lawfully entitled to peaceable possession" of the Property, having purchased the Property at the trustee's sale. The Petition alleges that the Lisenbees remain unlawful occupants of the Property, notwithstanding having received written notice of Deutsche Bank's purchase of the Property and of the Lisenbees' obligation to vacate the Property.

On July 14, 2011, the Honorable Janet Sutton entered a judgment finding that Deutsche Bank was entitled to possession of the Property and that the Lisenbees were unlawfully detaining the Property. The July 14, 2011, judgment awarded Deutsche Bank possession of the Property.

On July 22, 2011, the Lisenbees filed an application for trial de novo pursuant to sections 512.180.1 and 512.190.[1] The trial de novo was assigned to the Honorable David P. Chamberlain ("Respondent").

On July 29, 2011, the Lisenbees served discovery requests (interrogatories, requests for admissions, and requests for production) on Deutsche Bank. Deutsche Bank objected to nearly all of the requests.

At some point, the Lisenbees initiated a separate lawsuit against Deutsche Bank for wrongful foreclosure and to quiet title ("Federal Lawsuit"). In the Federal Lawsuit, the Lisenbees assert that Deutsche Bank did not have standing to enforce a promissory note signed by the Lisenbees and secured by the deed of trust against the Property. The Federal Lawsuit remains pending and is styled *Lisenbee v. Deutsche Bank Nat'l Trust Co.*, Case No. 4:2011-CV-00597 (W.D.Mo.).

In mid-August 2011, Deutsche Bank filed a motion for summary judgment in the unlawful detainer action. Deutsche Bank alleged as an uncontroverted fact that it had purchased the Property on February 28, 2011, at a foreclosure sale and attached in support of this contention a certified copy of the recorded trustee's deed conveying title of the Property to Deutsche Bank.

A few days later, the Lisenbees served additional discovery requests on Deutsche Bank, including a Rule 57.03(b)(4) deposition notice.[2]

The Lisenbees then filed a Rule 74.04(f)[3] motion requesting that they be

---

1. All statutory references are to RSMo 2000 as supplemented unless otherwise referenced.

2. Rule 57.03(b)(4) addresses the ability to take the deposition of an organization by requiring the organization to produce a representative with knowledge of the subject matters itemized in the deposition notice.

3. Rule 74.04(f) addresses the ability to secure a continuance upon a showing that the non-movant requires discovery to permit it the ability to respond to a motion for summary judgment with affidavits or evidence in the form and manner required by Rule 74.04.

permitted to complete discovery before responding to Deutsche Bank's motion for summary judgment. In an attached Affidavit, the Lisenbees' counsel advised that the discovery was necessary "to consider a primary issue in this lawsuit: the discovery of facts relating to plaintiff's standing and the right to enforce [the Lisenbees' promissory note]." The Affidavit itemized the discovery requests that had been propounded and the subject matters on which a designated corporate representative for Deutsche Bank had been requested to testify. And the Affidavit asserted all discovery requests were related to this "primary issue." The Affidavit advised that a motion to compel responses to the outstanding discovery propounded on Deutsche Bank would be forthcoming.

In mid-November 2011, the Lisenbees filed a motion to compel discovery alleging that the "principal issue in this [unlawful detainer] lawsuit is [Deutsche Bank's] standing and alleged status as a real party in interest pursuant to Rule 52.01." [4] At several points in the motion, the Lisenbees confirm that the discovery they seek from Deutsche Bank is "designed to elicit discoverable information relating specifically to [Deutsche Bank's] standing and status as a real party in interest."

Over Deutsche Bank's objection, the Respondent entered his order on December 13, 2011, granting the motion to compel discovery ("Order"). The Order directed Deutsche Bank to respond to specific discovery requests (certain of the propounded interrogatories, requests for production, and requests for admission) within thirty days. Within the thirty-day deadline, Deutsche Bank filed a motion to enlarge the discovery deadline, which the Lisenbees opposed,[5] and filed responses to the requests for admissions identified in the Order.[6]

On or about January 20, 2012, the Lisenbees filed a motion for sanctions based on Deutsche Bank's failure to respond to the discovery identified in the Order.[7] On January 31, 2012, Deutsche Bank filed a Petition for Writ of Prohibition ("Writ Petition") in this court alleging that the Respondent's Order was an abuse of discretion.

We entered a Preliminary Writ of Prohibition on February 7, 2012, prohibiting Respondent from enforcing the Order so long as the preliminary writ remained in effect, or should it be made permanent. At our direction, the Lisenbees filed an answer to the Writ Petition, and both parties have filed the briefs permitted by Rule 84.24(i) on an expedited schedule.

## Analysis

Deutsche Bank argues that the Respondent's Order is an abuse of discretion because the Order compels discovery on issues that, by statute, may not be adjudicated in an unlawful detainer action and that have no connection to Deutsche Bank's standing to sue for unlawful detainer. We agree.

---

4. The motion to compel addressed the written discovery propounded on Deutsche Bank and did not address the notice to take the deposition of a corporate representative of Deutsche Bank.

5. The record does not reflect whether the motion to enlarge the discovery deadline has been ruled upon by Respondent.

6. This was presumably to avoid the assertions therein being treated as admitted. *See* Rule 61.01(c).

7. In the motion for sanctions, the Lisenbees claim that Deutsche Bank's responses to the requests for admission identified in the Order are deficient.

■ "[W]hen a trial court makes an order in discovery proceedings that is an abuse of discretion, prohibition is the appropriate remedy." *State ex rel. Plank v. Koehr,* 831 S.W.2d 926, 927–28 (Mo. banc 1992). An abuse of discretion exists when a discovery order " 'is clearly against the logic of the circumstances, is arbitrary and unreasonable, and indicates a lack of careful consideration.' " *State ex rel. Ford Motor Co. v. Nixon,* 160 S.W.3d 379, 380 (Mo. banc 2005) (quoting *State ex rel. Ford Motor Co. v. Messina,* 71 S.W.3d 602, 607 (Mo. banc 2002)).

■ The unlawful detainer remedy is a creature of statute described in Chapter 534 of the Missouri Revised Statutes. "Unlawful detainer proceedings are summary in nature and the ordinary rules and proceedings of other civil actions do not apply." *Fannie Mae v. Truong,* 361 S.W.3d 400, 405 (Mo. banc 2012). As such, Missouri courts construe the unlawful detainer statute consistent with its intended "special summary nature." *Lake in the Woods Apartment v. Carson,* 651 S.W.2d 556, 558 (Mo.App. E.D.1983).

■ Section 534.030.1 defines "unlawful detainer" in pertinent part as follows:

When any person willfully and without force holds over any lands, tenements or other possessions, . . . *after a mortgage or deed of trust has been foreclosed and the person has received written notice of a foreclosure; . . . and after demand* made, in writing, for the delivery of such possession of the premises *by the person having the legal right to such possession,* or the person's agent or attorney, shall refuse or neglect to vacate such possession, such person is guilty of an "unlawful detainer."

(Emphasis added.) Thus, by legislative mandate, " 'the principle issue in an unlawful detainer action is the immediate right of possession.' " *Walker v. Anderson,* 182 S.W.3d 266, 269 (Mo.App. W.D.2006) (quoting *S.L. Motel Enters., Inc. v. E. Ocean, Inc.,* 751 S.W.2d 114, 117 (Mo.App. E.D. 1988)).

Consistent with the limited focus of the remedy, the legislature has narrowly defined the proof required of a plaintiff in an unlawful detainer action. Section 534.200 provides in pertinent part that:

The complainant *shall not be compelled to make further proof* of the . . . detainer than that he was lawfully possessed of the premises, and that the defendant . . . unlawfully detained the same.

(Emphasis added.) A specific example of "further proof" a complainant shall not be compelled to make is set forth in section 534.210 which provides that:

The *merits of title* shall in nowise be inquired into, on any complaint which shall be exhibited by virtue of the provisions of this chapter.

(Emphasis added.)

In keeping with the clear and unambiguous provisions of these statutes, our courts have uniformly held that " '[i]ssues relating to title or matters of equity . . . cannot be interposed as a defense in unlawful detainer actions.' " *Walker,* 182 S.W.3d at 269 (quoting *S.L. Motel Enters., Inc.,* 751 S.W.2d at 117); *see also Central Bank of Kansas City v. Mika,* 36 S.W.3d 772, 774 (Mo.App. W.D.2001) (holding a trial court has no authority to entertain matters of equity, whether raised as claims or defenses, in an unlawful detainer action); *Lake in the Woods Apartment,* 651 S.W.2d at 558 (holding that because the sole issue in an unlawful detainer action is possession, equitable issues cannot be interposed as a defense).

The Lisenbees are obviously mindful of these constraints. They have asserted equitable claims relating to the merits of

Deutsche Bank's title in the Federal Lawsuit. There is no doubt that the Lisenbees' wrongful foreclosure and quiet title claims could not have been interposed in this unlawful detainer action. In a strikingly similar case, we affirmed summary judgment for a bank which filed an unlawful detainer action following its purchase of foreclosed property at a trustee's sale. *Central Bank of Kansas City*, 36 S.W.3d at 775. The defendants (who were, as the Lisenbees are here, the defaulting borrowers on a promissory note secured by the foreclosed deed of trust) asserted a defense that the bank *did not obtain good title* because the bank defrauded them into not contesting the foreclosure and because the trustee did not conduct a free and fair sale. *Id.* at 774. We held that a defendant cannot assert wrongful foreclosure as a defense to an unlawful detainer action. *Id.* at 775; *see also Mortgage Associates, Inc. v. Wiley*, 650 S.W.2d 13, 15 (Mo.App. E.D.1983) (holding that defendant in an unlawful detainer action cannot attack the validity of a foreclosure sale as a means of attacking the validity of the trustee's deed conveying title to the plaintiff); *F.A. Sander Real Estate & Inv. Co. v. Warner*, 205 S.W.2d 283, 287–88 (Mo. App.1947) (holding that defendant in an unlawful detainer action cannot claim certificate affording plaintiff title to property was procured by fraudulent misrepresentation); *Joseph v. Horan*, 29 S.W.2d 234, 235 (Mo.App.1930) (holding it was not error to refuse to admit evidence in an unlawful detainer action attacking the validity of a foreclosure sale and trustee's deed as such evidence would constitute an impermissible inquiry into the merits of title).

In an effort to short circuit this precedent and the unambiguous language of sections 534.200 and 534.210, the Lisenbees creatively characterize the discovery compelled by the Order as relevant to the issue of standing-an issue they contend is distinguishable from an inquiry into the merits of title. We are not persuaded by the Lisenbees' wordsmithing.

 Standing " 'asks whether the persons seeking relief have the right to do so.' " *Columbia Sussex Corp. v. Missouri Gaming Comm'n*, 197 S.W.3d 137, 140 (Mo.App. W.D.2006) (quoting *Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo. banc 2002)). In the case of unlawful detainer, the right to seek relief, and thus the "standing" to seek relief, is defined by statute. Section 534.200 forbids compelling a plaintiff in an unlawful detainer action "to make further proof of the ... detainer *than that he was lawfully possessed* of the premises...." Even more specific to this case, standing is statutorily conferred upon the purchaser of property at a foreclosure sale by section 534.030.1 which defines unlawful detainer to include maintaining possession despite having been informed that a "deed of trust has been foreclosed." *See State ex rel. Kansas City Power & Light Co. v. McBeth*, 322 S.W.3d 525, 530 (Mo. banc 2010) ("A legally protectable interest exists if ... plaintiff's interest is conferred by statute."). Thus, the grantee under a trustee's deed has statutorily conferred standing to assert the remedy of unlawful detainer as a matter of law.

Undaunted, the Lisenbees argue that "standing" requires more than the right to possession associated with title acquired through a trustee's deed. The Lisenbees argue that they are entitled to explore the "lawfulness" of the process that resulted in Deutsche Bank obtaining its trustee's deed. The Lisenbees reason that if the trustee's deed was obtained through an invalid or unlawful process, then the grantee under the trustee's deed does not have *legal* right to possession.

This reasoning fails to distinguish between the *immediate* right to possession that derives from holding title and an inquiry into the *merits of title* through the assertion of equitable defenses or counterclaims.[8] Evidence of title will support a plaintiff's claim to an immediate right to possession in an unlawful detainer action.[9] The process through which title was obtained cannot be equitably attacked, however, even if the independently asserted equitable claims could result in restoration of title to the unlawful detainer defendant.

Here, the Lisenbees' creatively framed "standing" argument is indistinguishable from an equitable claim requiring inquiry into the merits of Deutsche Bank's title. In fact, the underpinning of the standing argument is precisely the same as the underpinning of the equitable claims in the Federal Lawsuit. Both depend on a demonstration that Deutsche Bank did not have the right to enforce the Lisenbees' promissory note and thus did not have the right to conduct a trustee's sale to foreclose the Lisenbees' deed of trust. Both argue that the trustee's deed Deutsche Bank received following the trustee's sale is thus void or voidable.

In a nearly identical case, a defendant craftily "characterize[d] her claim not as a challenge to title but, rather, as a challenge to the 'mode' of obtaining possession." *Walker*, 182 S.W.3d at 269. Specifically, the defendant claimed that "the 'mode' whereby [the plaintiff] obtained possession of the property at issue ... was fraudulent." *Id.* We observed that "[t]he true nature of [defendant's] claim is that [the plaintiff] does not have a right to possess the property ... because [the plaintiff] procured the warranty deed by fraud and, therefore, [the plaintiff] is not the owner of the property." *Id.* We concluded that "[s]uch a claim is, in essence, a challenge to ... title to the property and, therefore, is not cognizable in an unlawful detainer action." *Id.*

---

**8.** The claim of an immediate right to possession because a person holds title to property does not inconsistently or inappropriately inject the issue of title into an unlawful detainer case. It has long been recognized in Missouri that a plaintiff in an unlawful detainer action can demonstrate the right to immediate possession by showing that he holds title to the subject property. *See Hafner Mfg. Co. v. City of St. Louis*, 262 Mo. 621, 172 S.W. 28, 31 (1914) (holding that generalization that title is not an issue in unlawful detainer actions "must be taken in the sense that title is not tried out as a determinative factor"); *F.A. Sander Real Estate & Inv. Co. v. Warner*, 205 S.W.2d 283, 288 (Mo.App.1947); *Suedmeyer v. Meyer*, 237 S.W. 882, 883 (Mo.App.1922) ("The question of title is not involved in this character of proceeding except in so far as it may be necessary to show who is entitled to possession."). The distinction between the mere fact of title and trying out (or contesting) title as a determinative factor is borne out by the language employed by the legislature in the unlawful detainer statute. The legislature clearly anticipated that a trustee's deed would be used to demonstrate *the fact of title* as section 534.030 defines unlawful detainer to include the retention of possession after being made aware that a deed of trust on property has been foreclosed. In contrast, section 534.210 forbids inquiry into the *merits* (as distinguished from the *fact*) of title.

**9.** *But see Edwards v. Hoxworth*, 258 S.W.2d 15 (Mo.App.1953), which reminds that the mere fact of title does not guaranty success in an unlawful detainer action. In *Edwards*, the purchaser of property neglected to investigate the existing tenant's lease rights and thus neglected to learn that the seller of the property had extended the tenant's written lease to a date beyond the transfer of title. *Id.* Thus, "plaintiff had title, but did not have the right to possession of the property described in the [unlawful detainer] petition." *Id.* at 16. The defense mounted in *Edwards* was not an improper inquiry into the merits of title, but a contest over which of two persons with an interest in the property had the superior right to possession.

The Lisenbees' standing claim is merely a repackaged attempt to challenge the "mode" of Deutsche Bank's acquisition of title to the Property. Just as we concluded in *Walker*, the Lisenbees' creative standing claim is not cognizable in this unlawful detainer action. It follows that the Order compelling Deutsche Bank to respond to the Lisenbees' discovery is an abuse of discretion, as it requires the production of information that is not reasonably calculated to lead to the discovery of *admissible* evidence. Rule 56.01(b)(1). To hold otherwise would thwart the intended summary nature of the unlawful detainer remedy. *See Broken Heart Venture, L.P. v. A & F Restaurant Corp.*, 859 S.W.2d 282, 286 (Mo.App. E.D.1993) (holding that defendant's claim of fraudulent inducement into lease could not be interposed in unlawful detainer proceeding because "the effectiveness of the summary relief provided for by the statute would be undermined"); *Leve v. Delph*, 710 S.W.2d 389, 391–92 (Mo.App. E.D.1986) ("Action for unlawful detainer is a possessory action only, and mere equitable rights or interests which defendants think themselves entitled to cannot be set up therein. To permit defendants to assert an equitable defense would defeat the purpose behind an unlawful detainer action.") (internal citation omitted).

Though we understand the potential tension between bare evidence of ownership affording an immediate right to possession through the summary remedy of unlawful detainer and equitable claims that ownership has been procured through an invalid or unlawful process, the legislature has drawn a bright line of demarcation between these concepts. Here, the trustee's deed evidences Deutsche Bank's immediate right to possession, a right Deutsche Bank is expressly permitted to enforce in an unlawful detainer action.[10] "[I]t necessarily follows that any rights conferred upon [Deutsche Bank] or lost by [the Lisenbees] by reason of this action are wholly possessory." *McNeill v. McNeill*, 456 S.W.2d 800, 807 (Mo.App.1970). The Lisenbees thus retain the right to litigate their claims of wrongful foreclosure and quiet title in an independent action—a right they have already exercised as evidenced by the Federal Lawsuit. *Bach v. McGrath*, 982 S.W.2d 734, 736 (Mo.App. E.D.1998) (holding that where defendant claimed a valid oral contract to purchase the property at issue "[t]he limited scope of an unlawful detainer action requires a separate equitable suit for Defendant's claims").

**10.** The Lisenbees warn that separating the inquiry into an immediate right to possession from the inquiry into the manner in which title has been acquired will permit a person who has forged the grantor's signature on a conveyance deed to rely on unlawful detainer to dispossess the lawful owner. Though no Missouri case has considered such a scenario, we disagree with the Lisenbees' assumption. We see no impediment imposed by section 534.210 to contesting the *genuineness of signatures* on a conveyance deed. Such a challenge is not an equitable claim or defense contesting the *merits* of title but, rather, is an evidentiary objection to the admissibility of the deed because its authenticity has not been established. *See Cole v. Bumiller*, 549 S.W.2d 95, 97 (Mo.App.1976) ("In order to be admissible in evidence a public record or document must be produced from or in the proper custody, and its identity, authenticity, and genuineness must be established.") (citations omitted); *Hamilton v. McLean*, 169 Mo. 51, 68 S.W. 930 (1902) (observing that the issue of genuineness of a deed is presented where it is denied that the deed was the act of the grantor therein identified); Rule 55.23 ("When a claim ... is founded on a written instrument and the same shall be set up at length in the pleading or a copy attached thereto as an exhibit, the execution of such instrument shall be deemed confessed unless the party charged to have executed the same shall specifically deny the execution thereof.").

The Lisenbees lament that by being forced to pursue their title contest in an independent action they may face the "legal reality of eviction before they can adjudicate their wrongful foreclosure claims."[11] And they trumpet the alarm for reform in light of well-publicized mortgage lending and foreclosure abuse.[12] Our decision does not endorse predatory lending or foreclosure practices. "It merely affirms the summary purpose of unlawful detainer proceedings." *Lake in the Woods Apartment,* 651 S.W.2d at 558. It should be observed that the unlawful detainer statute affords a summary remedy across a wide spectrum of scenarios beyond the one in this case—a foreclosing lender seeking possession of property it has purchased at a trustee's sale.[13] It would be inappropriate to engraft exceptions on the summary nature of the remedy in response to a parade of argued inequities endemic to only one of the scenarios commonly involved in unlawful detainer actions. More to the point, we are powerless to do so. *State v. Rowe,* 63 S.W.3d 647, 650 (Mo. banc 2002) (stating that court, under guise of interpreting a statute, cannot rewrite the statute, but must apply its plain, clear, and unambiguous terms).

It is noteworthy that the Lisenbees could have avoided the dilemma about which they now complain had they sought and secured an injunction of the trustee's sale based on the assertion that Deutsche Bank could not lawfully foreclose the deed of trust.[14] The Lisenbees defend their failure to do so, arguing that the prospect of securing such relief is not practical for homeowners who face foreclosure, as injunctive relieve requires the posting of a bond. That may indeed by true. However, the Lisenbees offer no authority for the proposition that practical difficulties associated with pursuing an available remedy authorize us to disregard the clear and unambiguous provisions of Chapter 534.

What is abundantly clear in the record, and in the repeated refrain of the Lisenbees' pleadings and briefs, is that change, if any, in a foreclosing lender's ability to utilize a statutory unlawful detainer action as a summary remedy to obtain possession of property it has purchased at a trustee's sale must be originated in the Missouri General Assembly, and not in the Missouri Courts.

### Conclusion

Respondent abused his discretion by entering his Order compelling Deutsche Bank to respond to discovery that inquires into the merits of Deutsche Bank's title to the Property under the guise of contesting standing. Our preliminary writ of prohibi-

11. Lisenbees' Brief at p. 19.

12. The Lisenbees cite to *Antiquated Foreclosure Laws Need Update,* MISSOURI LAWYERS WEEKLY, September 12, 2011, an article written by the Lisenbees' counsel. This self-serving article is of suspect authoritative value. Moreover, the title of the article reveals counsel's keen awareness that the authority to modify the unlawful detainer statute, the statutory process of non-judicial foreclosure, or both rests in the hands of the Missouri legislature.

13. Many (if not most) unlawful detainer actions involve a traditional landlord/tenant sce-nario. Even in the case of foreclosure of a deed of trust, the purchaser at the trustee's sale need not be the lender but may instead be a third party unrelated to the underlying loan transaction. That purchaser would be placed in an untenable position if required to demonstrate the validity of the foreclosure sale as a condition to securing possession through the remedy of unlawful detainer.

14. *See, e.g., Big Valley, Inc. v. First Nat. Bank of Pulaski County,* 578 S.W.2d 616 (Mo.App. S.D.1979). We express no opinion about whether an injunction would (or should) have been granted in this case.

tion is made absolute. Respondent shall vacate the Order and take no further action to enforce its terms or to compel Deutsche Bank to respond to the Lisenbees' outstanding discovery.

All concur.