**CENTRAL BANK OF KANSAS CITY, Respondent,**

v.

**John F. MIKA, Brigid Mika and Venus Automotive, Inc., Appellants.**

**No. WD 58301.**

Missouri Court of Appeals, Western District.

Submitted Nov. 9, 2000.

Decided Jan. 23, 2001.

Theodore C. Beckett, III, Kansas City, for Appellant.

Frank P. Barker, III, Kansas City, for Respondent.

Before SMART, P.J., ELLIS and LAURA DENVIR STITH, JJ.

SMART, Judge.

Appellants John and Brigid Mika and Venus Automotive, Inc. (collectively referred to as "the Mikas"), appeal the trial court's grant of summary judgment in favor of Central Bank of Kansas City in this unlawful detainer action. The Mikas appeal on the grounds that Central Bank, the plaintiff, did not have "legal title" to the property at issue and was therefore not entitled to possession of the property. The judgment is affirmed.

## Factual Background

The Mikas had obtained financing from Central Bank in connection with the acquisition of real estate in Kansas City. The Mikas executed promissory notes and deeds of trust to secure the indebtedness. In May 1998, the Mikas began to default on the loans. The trustee under the deed of trust conducted a foreclosure sale on April 23, 1999. The Bank purchased the property at the foreclosure sale.

The Mikas remained in possession of the property following the sale. The Bank provided formal notice of the foreclosure on July 20, 1999, and demanded immediate surrender of possession of the property. On July 27, 1999, the bank filed an action in unlawful detainer to cause the removal of the Mikas from the property. The Mikas filed an answer denying that the bank was entitled to possession of the property, and pleading certain counterclaims, including: 1) fraud for inducing the Mikas to allow the property to be foreclosed and to allow the loss of their redemption rights;

2) negligent misrepresentation in causing the loss of valuable property rights; and 3) breach of an agreement to transfer the property back to the Mikas after the sale.

The Bank moved to dismiss the counterclaims. The Mikas then amended their answer to delete the counterclaims, but continued to assert affirmative defenses of estoppel, failure of consideration, laches, payment, release, waiver, fraud, illegality, improper application of collateral, failure to protect and execute its rights, and statute of frauds.

The Bank moved for summary judgment on its unlawful detainer claim, setting forth, along with a supporting affidavit, copies of the pertinent documents and the facts related to the foreclosure sale and the demand for possession. The Bank also moved the court for an order striking the Mikas' affirmative defenses. The court granted the order striking the affirmative defenses. The court subsequently granted the Bank's motion for summary judgment as to the claim for restitution of the premises and denied the motion for summary judgment with regard to the claim for damages for wrongfully holding over. After a trial on the issue of damages, the trial court allowed the Bank a judgment in the amount of $63,285.44, plus further damage in the amount of $7,000.00 per month until restitution is made.

## Point I

The Mikas argue that the trial court erred in granting the Bank's motion for summary judgment in its complaint in unlawful detainer because the Bank did not acquire "legal title" to the property at issue. According to the Mikas, the bank was not "legally entitled to possession of the property," as required by §§ 534.200 [1] and 534.030 [2], RSMo 1994, because the

1. Section 534.200 states:

   The complainant shall not be compelled to make further proof of the forcible entry or detainer than that he was **lawfully possessed of the premises**, and that the defendant unlawfully entered into and detained the same. (Emphasis ours.)

2. Section 534.030 states:
   When any person willfully and without force holds over any lands, tenements or other possessions, after the termination of

Bank did not obtain "legal title" to the property in that the Bank defrauded them into agreeing to the foreclosure sale by falsely representing it as a "friendly foreclosure."

The trial court granted the Bank's motion for summary judgment, ruling that the Bank was entitled to possession as a matter of law. The Mikas contend that the foreclosure sale was "wrought with fraud, the sale was chilled, [and] there was not free and fair competition among the bidders at the foreclosure sale" because the Bank was able to purchase the property for far less than its market value. The Mikas also contend the Bank deceived the defendants into foregoing their redemption rights through the artifice of representing the sale as a "friendly foreclosure," and promising to deed the property back to the Mikas. The Mikas contend that because there were "material facts in dispute" with regard to the propriety of the foreclosure sale, and because the Bank never acquired the "legal right" to the property, the court's summary judgment ruling was in error.

The Mikas set forth the detailed facts which they contend show the Bank wrongfully foreclosed the properties in question due to fraudulent actions on the part of the Bank. The Mikas contend they were entitled to contest the unlawful detainer by showing the Bank's foreclosure was wrongful. To support their position, the Mikas rely upon authorities showing that the courts will entertain an action to set aside a foreclosure sale on the basis of fraud. For instance, the Mikas cite *Fitzpatrick v. Federer*, 315 S.W.2d 826 (Mo. 1958), in which the court recognized an equitable cause of action to set aside a foreclosure sale. The Mikas also rely upon *Scholle v. Laumann*, 139 S.W.2d 1067 (Mo.App.1940), in which the court held that, in an action to establish a deficiency judgment, the defendant debtor could raise the defense that the foreclosure title was wrongfully obtained by fraudulent promise. The Mikas fail, however, to cite authority for the proposition that such a claim can be raised as a defense to an unlawful detainer action under § 534.030.

The Bank argues that the Mikas cannot raise those claims as a defense on this action. The Bank points to *Leve v. Delph*, 710 S.W.2d 389 (Mo.App.1986), an unlawful detainer action brought by a landlord. The tenant sought to raise an equitable defense of retaliatory eviction. In *Leve*, the court said:

> [T]he unlawful detainer statute is an exclusive and special code to which the ordinary rules and proceeding of other civil actions do not apply. The sole issue in an unlawful detainer action is the immediate right of possession. Issues relating to title or matters of equity, such as mistake, estoppel and waiver cannot be interposed as a defense. It is generally held that counterclaims are also prohibited in unlawful detainer proceedings, regardless of the subject matter, unless permitted by statute. Missouri statutes do not so permit.

*Leve*, 710 S.W.2d at 391. (Citations omitted).

*Meier v. Thorpe*, 822 S.W.2d 556 (Mo. App.1992) was an action for wrongful foreclosure. The defendant lender attempted to assert *res judicata* as a bar to the action, claiming the wrongful foreclosure claim should have been asserted as a de-

---

the time for which they were demised or let to the person, or the person under whom such person claims; or after a mortgage or deed of trust has been foreclosed and the person has received written notice of a foreclosure; or when premises are occupied incident to the terms of employment and the employee holds over after the termination of such employment; or when any person wrongfully and without force, by disseisin, shall obtain and continue in possession of any lands, tenements or other possessions, and after demand made, in writing, for the delivery of such possession of the premises by the person having the **legal right to such possession**, or the person's agent or attorney, shall refuse or neglect to vacate such possession, such person is guilty of an "unlawful detainer." (Emphasis ours).

fense and counterclaim in the unlawful detainer action. The court in *Meier* held that the claim for wrongful foreclosure could not have been asserted as a counterclaim in the unlawful detainer because a court in an unlawful detainer case lacks subject matter jurisdiction as to a claim for wrongful foreclosure. Accordingly, there was no bar to the subsequent assertion of the wrongful foreclosure claim. *Id.* at 558.

We find the Bank's authorities persuasive. The trial court did not err in finding no dispute as to any facts material to the issue of the unlawful detainer action.

### Point II

In their second Point Relied On, the Mikas state the trial court erred in granting summary judgment "because the motion was not supported by competent evidence that would have been admissible at trial." The Bank correctly points out that this point relied on violates Rule 84.04 because it constitutes only an abstract statement of law and fails to specify wherein and why the trial court action specifically constituted error. The Mikas, in the argument portion of their brief, stated that the motion was supported solely by an affidavit from Steven Morgan, which had various documents attached, including what was "purported to be the promissory notes" signed by the Mikas and the deeds of trust. The Mikas complain that these documents, which were attached to the affidavit of Morgan, "were not authenticated in any manner and would not be admissible in evidence without proper authentication." We fail to understand this contention, in light of the fact that Morgan's affidavit referred to the documents and identified them as the attached exhibits. The Mikas raised no issue concerning the identity and authenticity of the documents, other than to say the documents were not "properly authenticated" and that they (the Mikas) could not admit authenticity "without viewing the original documents." We fail to see that there was any genuine issue as to the authenticity of the documents in question. There is no facial indication here of a manifest injustice or miscarriage of justice. Thus, we decline to grant plain error review. See Rule 84.04. Point II is denied.

### Conclusion

The trial court did not err in granting summary judgment to the Bank in its unlawful detainer action.

ELLIS and LAURA DENVIR STITH, JJ., concur.