Mary Ann WALKER, Respondent,

v.

Cheryl D. ANDERSON, Appellant.

No. WD 65189.

Missouri Court of Appeals,
Western District.

Jan. 24, 2006.

William E. Shull, Jr., Liberty, MO, for appellant.

Jerome E. Brant, Liberty, MO, for respondent.

Before ULRICH, P.J.,
BRECKENRIDGE and SMART, JJ.

PATRICIA BRECKENRIDGE, Judge.

Cheryl D. Anderson appeals the trial court's grant of summary judgment in favor of Mary Ann Walker in this unlawful detainer action. In her sole point on appeal, Ms. Anderson asserts the trial court erred in granting summary judgment in favor of Ms. Walker because a material dispute exists regarding whether Ms. Walker lawfully possessed the premises. In particular, Ms. Anderson claims that Ms. Walker acquired possession of the premises by fraud, misrepresentation, and tortious conduct and, therefore, she did not lawfully possess the property. Because Ms. Anderson's claim is, in essence, a challenge to Ms. Walker's title, a claim that is not cognizable in an unlawful detainer action, the trial court did not err in granting summary judgment in favor of Ms. Walker. Accordingly, the trial court's judgment is affirmed.

### Factual and Procedural Background

On January 29, 2004, Ms. Anderson signed a warranty deed transferring the property located at 11023 N. Locust Street in Kansas City to Ms. Walker. The next day, Ms. Anderson and Ms. Walker entered into a lease agreement for the same property whereby Ms. Anderson agreed to pay Ms. Walker $720 a month as rent, with the first month's rent due on February 1, 2004. Ms. Anderson paid Ms. Walker monthly rental payments from February 2004 through May 2004. Beginning in June 2004, however, Ms. Anderson failed to make any further monthly rental payments.

On August 30, 2004, Ms. Walker made written demand upon Ms. Anderson that she was to deliver possession of the premises to Ms. Walker by September 30, 2004. Ms. Walker's written demand also notified Ms. Anderson that she was formally terminating the lease, effective September 30, 2004. After receiving Ms. Walker's notice, however, Ms. Anderson refused to vacate the premises. Thereafter, on October 12, 2004, Ms. Walker filed a petition for unlawful detainer.[1]

On November 17, 2004, Ms. Anderson filed her answer in which she

---

**1.** In addition, on July 6, 2004, Ms. Walker filed a rent and possession action against Ms. Anderson. In response, Ms. Anderson filed a two-count counterclaim for declaratory judgment and fraud and misrepresentation surrounding the transfer of the property at issue in this case to Ms. Walker. On November 16, 2004, Ms. Walker dismissed her rent and possession claim. Ms. Anderson's claims, however, are still pending.

denied that Ms. Walker was the true owner of the property. In addition, Ms. Anderson claimed that she held both legal and equitable title to the property and that Ms. Walker's title and possession of the property were procured by fraud and misrepresentation. In addition, Ms. Anderson filed a two-count counterclaim for declaratory judgment and fraud and misrepresentation. On December 15, 2004, Ms. Walker filed a motion in limine to prevent Ms. Anderson from submitting any evidence relating to the issue of title to the property in question and a motion to dismiss Ms. Anderson's counterclaims.[2] Thereafter, Ms. Walker filed a motion for summary judgment on her unlawful detainer claim, including a supporting affidavit, copies of the pertinent documents related to transfer of the property, the lease agreement, and the demand for possession.

On January 28, 2005, the trial court heard arguments on Ms. Walker's motion for summary judgment. Thereafter, the trial court granted Ms. Walker's motion for summary judgment and ordered Ms. Anderson to pay restitution in the amount of $11,520, which represented double damages for past rent due, plus further damage in the amount of $1440 per month, until restitution is made. Ms. Anderson filed this appeal.

## Standard of Review

Appellate review of a summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). This court's criteria for ascertaining the propriety of summary judgment are the same as those that a trial court uses initially. *Id.* This court does not defer to the trial court's order granting summary judgment because the trial court's initial judgment is based on the record submitted and amounts to a decision on a question of law. *Id.* Summary judgment is appropriate where the moving party establishes that no genuine issue of material fact exists and the party has a right to judgment as a matter of law. *Id.* at 378.

## Challenge to Legal Title Not Cognizable in Unlawful Detainer Action

In her sole point on appeal, Ms. Anderson asserts the trial court erred in granting summary judgment in favor of Ms. Walker because a material dispute exists concerning whether Ms. Walker lawfully possessed the premises. Ms. Anderson claims that Ms. Walker did not lawfully possess the premises because she acquired title to the property by fraud, misrepresentation, and tortious conduct. In particular, Ms. Anderson contends that Ms. Walker procured the warranty deed to the property at issue in this case by fraud, misrepresentation, coercion, and duress because Ms. Anderson was on "significant pain medication" at the time she executed the warranty deed and was unable to understand the legal ramifications of the transaction.

In an unlawful detainer action, under section 534.200, RSMo 2000, "[t]he complainant shall not be compelled to

---

**2.** The trial court's judgment did not specifically address Ms. Anderson's counterclaims or Ms. Walker's motion to dismiss. In granting Ms. Walker the relief she requested, however, the trial court implicitly held that Ms. Anderson could not challenge Ms. Walker's title in an unlawful detainer action. "If a judgment, by implication, necessarily carries with it a finding upon a counterclaim, the judgment will be sustained as final even though the counterclaim is not mentioned." *Martin v. Lorren*, 890 S.W.2d 352, 359 (Mo. App. S.D.1994). The trial court's judgment is sufficient to deny Ms. Anderson's counterclaims and, therefore, is a final judgment.

make further proof of the forcible entry or detainer than that he was lawfully possessed of the premises, and that the defendant unlawfully entered into and detained or unlawfully detained the same." "[T]he principal issue in an unlawful detainer action is the immediate right of possession." *S.L. Motel Enters., Inc. v. E. Ocean, Inc.*, 751 S.W.2d 114, 117 (Mo.App. E.D.1988). "Issues relating to title or matters of equity ... cannot be interposed as a defense in unlawful detainer actions." *Id. See also* Section 534.210, RSMo 2000 ("The merits of the title shall in nowise be inquired into, on any complaint which shall be exhibited by virtue of the provisions of this chapter."). In addition, " 'counterclaims are also prohibited in unlawful detainer proceedings, regardless of the subject matter, unless permitted by statute. Missouri statutes do not so permit.' " *Cent. Bank of Kansas City v. Mika*, 36 S.W.3d 772, 774 (Mo.App. W.D.2001) (quotation omitted).

■ While recognizing that issues regarding title are not cognizable in an unlawful detainer action, Ms. Anderson nevertheless attempts to craft her claim in such a manner that it is not barred by these legal principles. Ms. Anderson characterizes her claim not as a challenge to legal title but, rather, as a challenge to the "mode" of obtaining possession. In particular, Ms. Anderson claims the "mode" whereby Ms. Walker obtained possession of the property at issue in this case was fraudulent and such an issue is a legitimate question in an unlawful detainer case. Ms. Anderson, however, fails to cite any authority to support her argument that the "mode" of obtaining possession is a distinct and cognizable issue in an unlawful detainer action. The true nature of Ms. Anderson's claim is that Ms. Walker does not have a right to possess the property at issue in this case because she procured the warranty deed by fraud and, therefore, Ms. Walker is not the owner of the property. Such a claim is, in essence, a challenge to Ms. Walker's title to the property and, therefore, is not cognizable in an unlawful detainer action. *Mika*, 36 S.W.3d at 774–75.

This court's decision in *Mika*, is particularly instructive. In that case, the plaintiff, a bank, filed an unlawful detainer action to remove the defendants from property the bank purchased at a foreclosure sale. *Id.* at 773. The defendants argued that the trial court erred in granting summary judgment in favor of the bank because the bank did not acquire "legal title" to the property. *Id.* at 773–74. Specifically, the defendants argued the bank "defrauded them into agreeing to the foreclosure sale by falsely representing it as a 'friendly foreclosure.' " *Id.* at 774. Thus, the basis of the defendants' argument in *Mika* was that the "mode" whereby the bank obtained possession of the property was fraudulent, i.e., a fraudulent foreclosure sale. This court, however, rejected the defendants' claim finding such an issue not cognizable in an unlawful detainer action. *Id.* at 774–75.

Likewise, in this case, Ms. Anderson argues that the underlying transaction whereby Ms. Walker obtained possession of the property, or the "mode" whereby she obtained possession, was fraudulent. Specifically, she claims that Ms. Walker defrauded her into agreeing to transfer the property because she was on "significant pain medication" at the time of the transaction. This is, in essence, the same argument this court rejected in *Mika* and is prohibited by section 534.210. Consequently, Ms. Anderson's claim is not cognizable in an unlawful detainer action and, therefore, this court finds no genuine issue of material fact. Ms. Anderson's point is denied.

In sum, the relevant issue in an unlawful detainer action is the immediate right of possession. *S.L. Motel Enters.*, 751 S.W.2d at 117. In this case, Ms. Anderson transferred the property to Ms. Walker by signing a warranty deed. Then, Ms. Anderson was a month-to-month tenant under a lease agreement with Ms. Walker. Ms. Anderson paid monthly rent under the terms of the lease agreement for four months. Beginning in June 2004, however, Ms. Anderson failed to make any additional rental payments. On August 30, 2004, Ms. Walker provided notice to Ms. Anderson that she was terminating her tenancy effective September 30, 2004. Ms. Anderson, however, remained in possession of the premises after September 30, 2004, at which time she became a holdover tenant. *See* Section 534.030, RSMo 2000.[3] Consequently, at that time, Ms. Walker had the immediate right to possession of the property. Accordingly, the trial court did not err in granting summary judgment to Ms. Walker.

The trial court's judgment is affirmed.

All concur.

3. Section 534.030, RSMo 2000, provides:
When any person willfully and without force holds over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to the person, or the person under whom such person claims; or after a mortgage or deed of trust has been foreclosed and the person has received written notice of a foreclosure; or when premises are occupied incident to the terms of employment and the employee holds over after the termination of such employment; or when any person wrongfully and without force, by disseisin, shall obtain and continue in possession of any lands, tenements or other possessions, and after demand made, in writing, for the delivery of such possession of the premises by the person having the legal right to such possession, or the person's agent or attorney, shall refuse or neglect to vacate such possession, such person is guilty of an "unlawful detainer".