

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **I-70 MOBILE CITY, INC.,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD82790** |
| | ) | |
| **v.** | ) | **OPINION FILED:  March 3, 2020** |
| | ) | |
| **DEIDRE CARTWRIGHT,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Lafayette County, Missouri**
The Honorable Kelly Halford Rose, Judge

Before Division Two:  Cynthia L. Martin, Presiding Judge, Thomas H. Newton, Judge
and Gary D. Witt, Judge

Deidre Cartwright ("Cartwright") appeals the judgment of the Circuit Court of

Lafayette County dismissing her affirmative defense and counterclaim alleging that I-70

Mobile City ("I-70") breached the warranty of habitability in an unlawful detainer action

brought by I-70.  Cartwright requests that the Court reverse the circuit court's judgment

and remand for a new trial.  We affirm.

1

## Procedural and Factual Background[1]

On or about January 1, 2017, Cartwright and Mark O'Brien ("O'Brien") entered into a lease agreement with I-70 for the rental of real property to which I-70 has record title. On October 29, 2018, I-70 filed a petition for rent and possession against Cartwright and O'Brien. On December 6, 2018, an interlocutory default judgment was entered against O'Brien for possession of the property and damages.[2] On December 12, 2018, Cartwright filed an answer and counterclaim, and on December 13, 2018, based on an oral motion in open court, the court granted I-70 leave to file an amended petition. On December 20, 2018, I-70 filed its amended petition amending the claim to solely request relief in unlawful detainer. In the amended petition, I-70 alleged that they had provided Cartwright with a written sixty-day notice of its intent to terminate the lease agreement on the same day that the amended petition was filed. I-70 further alleged that since the termination of the tenancy, despite numerous requests, Cartwright refused to relinquish possession of the property. Cartwright filed an answer to the amended petition that admitted all but one of the allegations in the petition. She only denied the allegation in the petition that despite numerous requests she had refused to relinquish possession of the property.[3] She also raised an affirmative defense alleging that I-70 breached the implied warranty of habitability by shutting off water services on October 25, 2018 and refusing to provide

---

[1] No transcript of the trial was filed with this court, and we limit our review to the factual allegations in the pleadings.

[2] O'Brien is not a party to this appeal.

[3] It is unclear from the record before us how Cartwright was unlawfully detaining the property on December 20, 2018, when it was alleged in the petition that on that same date the notice was provided to Cartwright terminating the tenancy 60 days in the future. Because this issue is not raised on appeal, we do not address it further.

running water to the property since that date. Cartwright also asserted a counterclaim for breach of the implied warranty of habitability alleging the same facts regarding the lack of running water, as well as a counterclaim for forcible entry and detainer on the ground that I-70 willfully diminished water services to her, its tenant, in violation of section 441.233.[4]

On April 1, 2019, I-70 filed a motion to strike Cartwright's affirmative defense and counterclaims, arguing that Missouri law does not permit affirmative defenses or counterclaims in unlawful detainer actions. On April 17, 2019, the circuit court dismissed Cartwright's affirmative defense and counterclaims and entered judgment in favor of I-70 for possession of the property and court costs.

This appeal followed.

## Standard of Review

"[T]he judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *McNabb v. Barrett*, 257 S.W.3d 166, 169 (Mo. App. W.D. 2008) "We review *de novo* questions of law decided in court-tried cases." *Rhea v. Sapp*, 463 S.W.3d 370, 375 (Mo. App. W.D. 2015).

## Analysis

Cartwright argues in her sole point on appeal that her affirmative defense and counterclaim for breach of the implied warranty of habitability were improperly struck because the claims were not equitable challenges to the title to the property or attacks upon

---

[4] All statutory citations are to RSMo. 2016 as updated through February 19, 2020, unless otherwise noted.

3

title as prohibited by sections 534.200 and 534.210.[5]  She argues that as a result, she is entitled to assert these claims in this unlawful detainer action as permitted by Missouri Supreme Court Rules 41.01(d), 55.01, and 55.32(b) and sections 517.031 and 534.060.

I-70 contends that sections 534.200 and 534.210 preclude Cartwright from raising these affirmative defenses and counterclaims because they do not concern the right of possession, which is the only issue to be decided in unlawful detainer proceedings.

Unlawful detainer proceedings are governed by section 534.030.  In pertinent part, section 534.030.1 states:

> When any person willfully and without force holds over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to the person . . . and after demand made, in writing, for the delivery of such possession of the premises by the person having the legal right to such possession, or the person's agent or attorney, shall refuse or neglect to vacate such possession, such person is guilty of an "unlawful detainer.".

Unlawful detainer has historically been employed as a swift and efficient remedy to restore an owner to possession of real property.  *See Wells Fargo, N.A. v. Smith*, 392 S.W.3d 446, 453 (Mo. banc 2013).  Accordingly, "such actions were confined to the question of possession and did not purport to address questions of ownership or validity of title."  *Id.* Indeed,

> In an unlawful detainer action, under section 534.200, RSMo 2000[6], the complainant shall not be compelled to make further proof of the forcible entry or detainer than that he was lawfully possessed of the premises, and that the defendant unlawfully entered into and detained or unlawfully detained the same.  *The principal issue in an unlawful detainer action is the*

---

[5] On appeal, Cartwright does not challenge the dismissal of her counterclaim for forcible entry and detainer brought under Section 534.020, and we do not address it further.

[6] Section 534.200, RSMo 2000 has not been amended and is identical to Section 534.200, RSMo 2016 as currently updated.

4

> *immediate right of possession.* Issues relating to title or matters of equity . . . cannot be interposed as a defense in unlawful detainer actions. In addition, counterclaims are also prohibited in unlawful detainer proceedings, regardless of the subject matter, unless permitted by statute. Missouri statutes do not so permit.

*Walker v. Anderson*, 182 S.W.3d 266, 268-69 (Mo. App. W.D. 2006) (internal quotation marks and citations omitted) (emphasis added).

In a 2013 decision, upon which Cartwright principally relies, the Missouri Supreme Court addressed the seemingly categorical bar to counterclaims that had all but cemented itself in Missouri case law. *Wells Fargo*, 392 S.W.3d at 455. In that case, the Court explained that "though cases came to refer to a prohibition on counterclaims or affirmative defenses, such references simply were a shorthand statement on the effect of the substantive limitations imposed by sections 534.200 and 534.210." *Id.* In other words, counterclaims and affirmative defenses are not procedurally barred *per se* but rather barred only if they exceed the limitations of 534.200 and 534.210. *Id.* These statutes thereby create a substantive "prohibition against a defendant raising equitable defenses and/or challenges to the validity of the plaintiff's title in an unlawful detainer action." *Id.* at 455 n.7.

### a.     Cartwright's claims are not barred by section 534.210

Section 534.210 specifically prohibits any inquiry into the "merits of the title" in an unlawful detainer action. As such, "Missouri law recognized that claims for unlawful detainer do not—and cannot—determine ownership of, or validity of title to, real property[,]" instead requiring that claims resting on any issue of title be brought in a separate action. *Wells Fargo*, 392 S.W.3d at 454.

5

While section 534.210 makes clear that title may not be questioned in unlawful detainer proceedings, Missouri courts have often interpreted chapter 534 as providing a categorical bar to affirmative defenses and counterclaims, regardless of their subject matter. *Id.* ("Missouri courts repeatedly have stated that equitable defenses and counterclaims are not permitted in response to [unlawful detainer] claims."). As such, even counterclaims *unrelated* to title are substantively barred in an unlawful detainer action. "The sole issue is the immediate right of possession. Issues relating to title or matters of equity, such as mistake, estoppel and waiver, cannot be interposed as a defense." *Broken Heart Venture, L.P. v. A & F Rest. Corp.*, 859 S.W.2d 282, 286 (Mo. App. E.D. 1993) (citations omitted).

Neither Cartwright's affirmative defense nor her counterclaims—directly or indirectly—require an inquiry into title. Cartwright states, and I-70 does not dispute, that her claims "solely raised the issue of whether [I-70] had, during the course of the tenancy, breached the implied warranty of habitability. . . . No allegation in the affirmative defense and counterclaim even indirectly or by implication pose [sic] any challenge to [I-70's] title to the subject premises."

As such, the case is distinguishable from many unlawful detainer cases in which courts dismissed counterclaims and affirmative defenses wherein the responsive pleadings directly or indirectly questioned title. *See Wells Fargo*, 392 S.W.3d at 461 ("Because the Smiths' 'standing' and 'real party in interest' claims merely are restatements of their attacks on the validity of Wells Fargo's title, the Smiths must raise these claims in a separate suit and not in response to an unlawful detainer action."); *Walker v. Anderson*, 182 S.W.3d 266,

6

269 (Mo. App. W.D. 2006) ("The true nature of Ms. Anderson's claim is that Ms. Walker does not have a right to possess the property at issue in this case because she procured the warranty deed by fraud and, therefore, Ms. Walker is not the owner of the property. Such a claim is, in essence, a challenge to Ms. Walker's title to the property and, therefore, is not cognizable in an unlawful detainer action."); *State ex rel. Deutsche Bank Nat. Tr. Co. v. Chamberlain*, 372 S.W.3d 24, 30 (Mo. App. W.D. 2012) ("The Lisenbees' creatively framed 'standing' argument is indistinguishable from an equitable claim requiring inquiry into the merits of Deutsch Bank's title," which is expressly prohibited by section 534.210.); *Cent. Bank of Kansas City v. Mika*, 36 S.W.3d 772 (Mo. App. W.D. 2001) (affirming the trial court's decision deeming impermissible, in an unlawful detainer case, the defense that plaintiff did not have "legal title" to the property); *Cmty. Bank of Raymore v. Patterson Oil Co., Inc.*, 463 S.W.3d 381, 387 (Mo. App. W.D. 2015) (discussing that the defendant's allegations of superior title "proceeds from a flawed premise that the outcome of an unlawful detainer action turns on which party is able to 'demonstrate superior title'" and that "an unlawful detainer action is *not* the proper action in which to challenge the merits of title") (quoting *Wells Fargo*, 392 S.W.3d at 457) (emphasis in original).

In contrast, Cartwright's claims are *not* repackaged attacks on the validity of [I-70's] title; therefore, the substantive limitation in section 534.210's prohibiting inquiries into the merits of title is not applicable to bar Cartwright's affirmative defense and counterclaim for a breach of the warranty of habitability.

**b.      Cartwright's claims are barred by section 534.200**

Because Cartwright's affirmative defense and counterclaim are not barred by section 534.210, the remaining inquiry is whether claims of a breach of the warranty of habitability are barred by section 534.200 in unlawful detainer actions.

Section 534.200 provides that "[t]he complainant shall not be compelled to make further proof of the forcible entry or detainer than that he was lawfully possessed of the premises, and that the defendant unlawfully entered into and detained or unlawfully detained the same." Missouri Courts have consistently held that section 534.200 limits defenses and prohibits counterclaims *regardless of their subject matter. Moser v. Cline*, 214 S.W.3d 390, 394 (Mo. App. W.D. 2007) (holding that defendants' claim for breach of the warranty of habitability, *i.e.*, "a claim of set-off against rent," could not be asserted as a defense to the unlawful detainer action even though it could, and did in fact, serve as a defense to plaintiffs' rent and possession claim) (emphasis added); *see also Phelps v. Phelps*, 299 S.W.3d 707 (Mo. App. S.D. 2009); *Bach v. McGrath*, 982 S.W.2d 734 (Mo. App. E.D. 1998); *Leve v. Delph*, 710 S.W.2d 389 (Mo. App. E.D. 1986); *McNeill v. McNeill*, 456 S.W.2d 800, 807 (Mo. App. 1970).

The Missouri Supreme Court at least questioned the validity of the courts' reasoning in these prior cases. *Wells Fargo*, 392 S.W.3d at 455. The Court in *Wells Fargo* did not, as I-70 notes, attempt to overrule or eliminate the "no counterclaim rule" nor did it consider outright the question of whether a claim *unrelated to title* could be brought as a defense to an unlawful detainer action. *Id*. However, the Court stated in reference to that general rule:

8

> [S]o often has this been said that it led some to conclude there was a specialized procedural limitation applicable to such actions, *i.e.*, the "no counterclaim rule." This is incorrect. To be sure, chapter 534 contains procedures applicable only to unlawful detainer actions. This remains true, *even though section 534.060 now provides that these procedures are to be augmented, in certain cases, by the procedures in chapter 517.*

*Id.* (internal quotations omitted) (emphasis added).

The *Wells Fargo* Court proposes that, to the extent courts have applied the general rule without reference to the substantive limits of 534.200 and 534.210 and rather in reference—expressly or impliedly—to a fictitious procedural bar to counterclaims and affirmative defenses, their reasoning (though not necessarily their result) was flawed.[7] Indeed, the Court in *Wells Fargo* takes the position that chapter 517 procedures apply to unlawful detainer notwithstanding the multitude of prior decisions holding that chapter 534 is an "exclusive and special code." *Id*. at 454; *see McNeill*, 456 S.W.2d at 807 (holding that defendant's contention that he was entitled to recover for repairs and improvements on the premises was wholly without merit because proceedings in unlawful detainer "constitute a special, exclusive and preclusive code, which is full and complete in itself and leaves us without authority to draw upon other general statutory provisions") (internal citations omitted).

Section 534.060, in relevant part, states that, "[t]o the extent practice and procedure are not provided in this chapter the practice and procedure provided in chapter 517 shall

---

[7] To this point, I-70 incorrectly avers that the Court in *Wells Fargo*, "reiterated the long-standing 'no counter-claim rule.'" In fact, the Court criticized the "rule" for its misleading nature as it implied a procedural bar, where no such bar exists. *Wells Fargo*, 392 S.W.3d at 455, ("[T]hese limitations are substantive, not procedural, and they apply regardless of the defendants attempts to raise such issues, *i.e.*, whether by affirmative defense, counterclaim, or otherwise.").

9

apply[,]" thereby augmenting the procedural rules of chapter 534. *See Wells Fargo*, 392 S.W.3d at 455. As such, chapter 517 applies to cases under chapter 534, including the provision permitting and regulating the filing of counterclaims and affirmative defenses.[8] Section 517.031; *see* section 517.011. However, these responsive pleadings, as the *Wells Fargo* court notes, are permitted only to the extent that they comply with all other chapter 534 provisions, including section 534.200, which makes the sole issue in unlawful detainer actions "the immediate right of possession." *Lake in the Woods Apartment v. Carson*, 651 S.W.2d 556, 558 (Mo. App. E.D. 1983). Thus, critically, while the *Wells Fargo* Court clarifies that section 534.200 presents a substantive limitation, as opposed to a procedural limitation, its decision does not explicitly overrule prior courts' interpretation of the statute—that all other claims must be dismissed and raised in a separate action unless such claims depend solely on the right to possession. *Wells Fargo*, 392 S.W.3d at 456. ("These actions resolve *only the immediate right to possession*, and, then, only between the parties to the case.") (citing *Prendergast v. Graverman*, 147 S.W. 1094, 1096 (Mo. App. 1912)). The Court in *Wells Fargo*, specifically limited unlawful detainer proceedings solely to the question of possession of the property.[9]

Here, Cartwright's affirmative defense and her first counterclaim are for breach of the warranty of habitability. Her warranty of habitability claim does not concern

---

[8] Counterclaims and affirmative defenses are similarly permitted by Missouri Supreme Court Rules 44.01(d) and 55, upon which Cartwright also relies.

[9] We note that Section 534.300 provides that the provisions of chapter 534 are inapplicable to certain persons who have been in quiet possession of property for three years. This provision is not raised before us, and we offer no opinion as to whether its provisions may be raised as an affirmative defense or otherwise. We further note that sections 534.310 and 534.330 allow for the recovery of certain damages but are not applicable to this matter because no damages were awarded, and that portion of the judgment is not challenged.

possession of the property but rather the property's suitability for human habitation prior to the termination of her tenancy. *See Moser*, 214 S.W.3d at 394 ("To constitute a breach of the warranty of habitability, the tenant must allege and prove conditions of such a nature as to render the premises unsafe or unsanitary.").

Cartwright's counterclaim and affirmative defense for breach of the warranty of habitability do not challenge or otherwise address who is entitled to current possession of the property. Therefore, this counterclaim and affirmative defense exceed the limitations of an unlawful detainer action brought under Chapter 534, and they are substantively barred. However, nothing herein should be read to indicate that Cartwright is without a remedy for her claim of breach of the warranty of habitability. The Supreme Court made clear in *Wells Fargo* that claims beyond those relevant to the unlawful detainer action may be brought in a separate action. 392 S.W.3d at 463.

### Conclusion

Because the trial court did not err in its application of the law, its judgment dismissing Cartwright's counterclaims and awarding I-70 possession of the property is affirmed.

_____
Gary D. Witt, Judge

All concur

11