

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| GRACE HERR, ALLY BURKE, AND MAJORIE ALVORD, | ) ) ) | No. ED111788 |
| Respondents, | ) ) | Appeal from the Circuit Court of the City of St. Louis |
| vs. | ) ) | 2222-AC06933 |
| MIN ZHAO, | ) ) | Honorable Heather J. Hays |
| Appellant, | ) ) | |
| YANQUN DONG, | ) ) | |
| Defendant. | ) | Filed: August 27, 2024 |

Before Lisa P. Page, P.J., Kurt S. Odenwald, and Rebeca Navarro-McKelvey, J.

Min Zhao and Yanqun Dong (Landlords) appeal from the trial court's judgment in favor of Grace Herr, Ally Burke, and Marjorie Alvord (Tenants) on their petition for breach of the implied warranty of habitability and breach of the rental agreement. We affirm.

## BACKGROUND

Tenants entered into a residential lease agreement for the rental of premises owned by Landlords beginning June 1, 2023. Prior to that date, Tenants communicated with Landlord regarding multiple issues in the unit, including dirty, leaking water in the kitchen, a clogged drain in the kitchen sink, a disposal that did not work, a plastic bag covering the shower head, live wires coming out of the switches in the bathroom, missing fixtures, mold and old food in the

refrigerator, and a ceiling leak in the living room. The air conditioning was also inoperable and parts of the premises did not have power.

Following multiple communications between Tenants and Landlords, Tenants moved out of the property and filed a petition alleging claims for breach of implied warranty of habitability, unjust enrichment, violation of the Missouri Merchandising Practices Act (MMPA), and breach of rental agreement. Landlords filed counterclaims for abandonment of rental premises, violation of the lease agreement, and damage to rental business.

The cause was bench-tried on May 30, 2023. The court entered judgment in favor of Tenants on their claims for breach of implied warranty of habitability and breach of rental agreement. This appeal follows.[1]

## DISCUSSION

In their sole point on appeal, Landlords argue the court erred in entering judgment in favor of Tenants on their claim of breach of implied warranty of habitability and breach of the rental agreement because the court erroneously applied the law with respect to the doctrine of implied warranty of habitability by using *de minimis* conditions to support the judgment. Landlords claim Tenants had the burden to show the conditions of the premises were unsafe or unsanitary for human living, rather than the mere inconveniences or dirty conditions.

### Motion to Strike Appellants' Brief

Landlords initially filed their appellants' brief, which our court found not compliant with Rule 84.04[2] on multiple grounds. We granted Landlords additional time to file an amended,

---

[1] Landlords' initial appeal was dismissed for lack of a final judgment because the court only issued judgment on two of Tenants' four counts and one counterclaim. Landlords filed a motion to re-open the case, attaching an order from the court finding Tenants failed to present any evidence of the claims of unjust enrichment and violation of the MMPA, dismissing those claims. The court also found Landlords failed to prove any counterclaim and found in favor of Tenants on all of Landlords' counterclaims. We granted the motion to re-open the case.

[2] All references to Rules are to Missouri Supreme Court Rules (2023).

compliant brief, which they did. Tenants filed a motion to strike the brief as non-compliant which was taken with the case.

"Rule 84.04 sets forth a number of mandatory requirements for briefs filed in appellate courts." *Auman v. Richard*, 672 S.W.3d 277, 280 (Mo. App. W.D. 2023) (citing *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022)). Even where appellants appear *pro se*, as Landlords do here, they are held to the same standard as attorneys with respect to adherence to these mandatory requirements. *Id*. at 281. Where a brief is so defective it fails to give notice to the court or opposing parties of the issue presented on appeal, we do not have discretion to excuse technical deficiencies. *Id*. at 280. However, we prefer to decide appeals on the merits where the argument is readily discernable from the brief. *Id*. at 281. While we agree there are still multiple violations of Rule 84.04 in the amended brief, it is not so deficient we cannot understand Landlords' argument. Therefore, we deny Tenants' motion and exercise our discretion to review this appeal on the merits.

## Standard of Review

We review the decision in this court-tried case under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Kolb v. DeVille I Props., LLC*, 326 S.W.3d 896, 900 (Mo. App. W.D. 2010). We view the evidence and inferences in the light most favorable to the judgment, disregard all evidence and inferences to the contrary, and defer to the trial court's determination of factual issues. *Id*. at 900-01.

## Analysis

"[A] landlord impliedly warrants the habitability of leased residential property." *Chiodini v. Fox*, 207 S.W.3d 174, 176 (Mo. App. E.D. 2006) (quoting *Detling v. Edelbrock*, 671 S.W.2d 265, 270 (Mo. banc 1984), *abrogated on other grounds by Green v. City of St. Louis*,

3

870 S.W.2d 794 (Mo. banc 1994)). To state a cause of action for breach of the implied warranty of habitability, Tenants had the burden to prove: (1) they entered into a lease agreement for residential property; (2) the subsequent development of dangerous or unsanitary conditions on the premises that materially impact their life, health, or safety; (3) reasonable notice of the conditions to Landlords; and (4) Landlords' subsequent failure to restore the premises to habitability. *Kolb*, 326 S.W.3d at 901 (citing *Moser v. Cline*, 214 S.W.3d 390, 395 (Mo. App. W.D. 2007; *Detling*, 671 S.W.2d at 270).

It is undisputed the parties entered into a residential lease agreement and the record reflects Tenants provided Landlords more than reasonable notice of the conditions at issue. Landlords' sole point on appeal argues the court erred in finding breach of the implied warranty of habitability based on *de minimis* conditions. In response, Tenants assert Landlords did not raise this issue before the trial court, and therefore cannot raise it for the first time on appeal. We agree the record does not reflect any pleading asserting this defense. In addition, there is no transcript in the record although the cause was tried to the court, testimony was adduced, and exhibits were admitted at trial. Rule 81.12(a) requires an appellant to file the record on appeal necessary to determine the questions presented for our review. *Buford v. Mello*, 40 S.W.3d 400, 401-02 (Mo. App. E.D. 2001). Without pleadings sufficient to preserve these claims on appeal or a transcript showing what arguments were raised at trial, we cannot review Landlords' argument, no matter how meritorious it may be. However, we find there is sufficient documentary evidence of the complained of conditions in the record we do have before us to support the trial court's judgment.

The law is clear that a *de minimis* or minor housing code violation does not constitute a breach of the implied warranty of habitability. *See Kolb*, 326 S.W.3d at 901; *Chiodini*, 207

4

S.W.3d at 177. To succeed on a claim for breach of implied warranty of habitability, a tenant must prove the condition of the premises was "unsafe or unsanitary," not merely affected by minor poor conditions. *Seymour v. Switzer Tenant LLC*, 667 S.W.3d 619, 626 (Mo. App. W.D. 2023) (quoting *Kolb*, 326 S.W.3d at 901). Instead, the materiality of the breach of warranty claimed is determined by its effect on the life, health, or safety of the tenant. *Id.*

The record before us demonstrates there were more than *de minimis* conditions affecting Tenants. There were multiple emails from each of Tenants informing Landlords of conditions of the property which constituted more than simple inconvenience to include: mold in the refrigerator, water leaking from the dishwasher onto the kitchen floor, water leaking from the ceiling into a bucket in the living room, live wires coming from the switches in the bathroom, inoperable air conditioning, and no electricity in parts of the premises. These conditions materially affect the life, health, and safety of Tenants. Therefore, the court did not err in entering judgment in their favor on their claim for breach of implied warranty of habitability. *See Chiodini*, 207 S.W.3d at 177 (exposed electrical wires posed a risk to tenants, affected their safety, and constituted more than mere *de minimis* violations). Landlords' sole point on appeal is denied.

**CONCLUSION**

The judgment of the trial court is affirmed.

_____
Lisa P. Page, Presiding Judge

Kurt S. Odenwald, J., and
Rebeca Navarro-McKelvey, J., concur.

5